## FOX *v.* STATE OF WASHINGTON.

ERROR TO THE SUPREME COURT OF THE ISTATE OF
WASHINGTON.

No. 134.  Submitted January 19, 1915.—Decided February 23, 1915.

Where the highest court of the State, in overruling a demurrer, affirmed
that the Constitution of the United States guaranteed freedom of
speech, but held the statute on which the indictment was based valid
in that respect and also that it was not bad for uncertainty, citing
cases decided by this court as authority, this court may gather that
rights under the Federal Constitution were relied on apart from the
certificate of the state court to that effect, and there is jurisdiction
under § 237, Judicial Code, to review the judgment.

The statute of the State of Washington, Rem. & Bal. Code, § 2564,
denouncing the wilful printing, circulation, etc., of matter advo-
cating or encouraging the commission of any crime or breach of
the peace or which shall tend to encourage or advocate disrespect
for law or any court or courts of justice, *held* not to be unconstitu-
tional as the same has been construed by the highest court of that
State and applied in the case of one indicted for publishing an article
encouraging and inciting that which the jury found was a breach of
state laws against indecent exposure.

Statutes should be construed, so far as they fairly may be, in such a
way as to avoid doubtful constitutional questions; and this court
presumes that state laws will be so construed by state courts.

If the statute attacked should be construed as going no further than
it is necessary to go in order to decide the particular case involved
within it, it cannot be condemned for want of definiteness.

Laws of the description of the statute of Washington involved in this
action and prohibiting encouragement of crime, are not unfamiliar.

This court has nothing to do with the wisdom of the defendant, the
prosecution, or the act. It is concerned only with the question
whether the statute and its application infringes the Federal Con-
stitution.

71 Washington, 185, affirmed.

THE facts, which involve the constitutionality under
the due process clause of the Fourteenth Amendment of

a statute of the State of Washington preventing the wilful printing and circulation of written matter having tendency to encourage or advocate disrespect for the law, are stated in the opinion.

*Mr. Gilbert E. Roe* for plaintiff in error:

The constitutional question here presented was sufficiently raised in the state court.

Rev. Stat., § 709; *Columbia Power Co.* v. *Columbia Light Co.*, 172 U. S. 475; *Tyler* v. *Judges*, 179 U. S. 405, 411; *Chi., B. &c. R. R.* v. *Chicago*, 166 U. S. 226; *Missouri Valley Co.* v. *Wiese*, 208 U. S. 234, 244; *Loeb* v. *Columbia Township*, 179 U. S. 472, 483; *Montana* v. *Rice*, 204 U. S. 291.

Section 2564 violates the Fourteenth Amendment because it deprives the accused of liberty and property without due process of law. Black's Law Dictionary, p. 1181; *Hodgson* v. *Vermont*, 168 U. S. 262, 272.

For Federal and state decisions where statutes much more certain than the one here involved have been held void, as not constituting law at all within the meaning of the Fourteenth Amendment, see *Louis. & Nash. R. R.* v. *Tennessee R. R. Comm.*, 19 Fed. Rep. 679, 691; *Chi. & N. W. Ry.* v. *Railway Comrs.*, 35 Fed. Rep. 866, 876; *Tozer* v. *United States*, 52 Fed. Rep. 917; *Waters-Pierce Oil Co.* v. *Texas (No. 1)*, 212 U. S. 86, 108.

In the last cited case while the statute was upheld, the correctness of the rule of the above cases was admitted. See also, among cases from the state courts, *Ex parte Jackson*, 45 Arkansas, 158; *Czarra* v. *Board*, 25 App. D. C. 443; *United States* v. *Capital Traction Co.*, 34 App. D. C. 592; *Hewitt* v. *Medical Examiners*, 148 California, 590; *Louis. & Nash. R. R.* v. *Kentucky*, 99 Kentucky, 663; *Commission* v. *Louis. & Nash. R. R.*, 20 Ky. Law, 491; *Mathews* v. *Murphy*, 23 Ky. Law Rep. 750; *Hagerstown* v. *Balt. & Ohio Ry.*, 107 Maryland, 178; *Mayor*

v. *Radecke,* 49 Maryland, 217, 230; *Cook* v. *State,* 26 Ind. App. 278.

It does not matter whether the deprivation of liberty or other fundamental rights result from the arbitrary action of a jury, a judge or any other agency of state government. This court under the mandate of the Fourteenth Amendment, when its authority is properly invoked, must interfere to prevent the wrong. And what can be more arbitrary than the verdict of the jury in this case, finding the defendant guilty of the shadowy and uncertain offense of editing the innocent article in question and thereby tending to create a mental attitude on the part of someone which the jurors would describe as "disrespect" for some law, relating to nude bathing. *Yick Wo* v. *Hopkins,* 118 U. S. 356; *Dobbins* v. *Los Angeles,* 195 U. S. 233, 240.

See also *Allgeyer* v. *Louisiana,* 165 U. S. 578; *Patterson* v. *Colorado,* 205 U. S. 454, 461.

*Mr. W. V. Tanner,* Attorney General of the State of Washington, and *Mr. Fred G. Remann,* for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an information for editing printed matter tending to encourage and advocate disrespect for law contrary to a statute of Washington. The statute is as follows: "Every person who shall wilfully print, publish, edit, issue, or knowingly circulate, sell, distribute or display any book, paper, document, or written or printed matter, in any form, advocating, encouraging or inciting, or having a tendency to encourage or incite the commission of any crime, breach of the peace or act of violence, or which shall tend to encourage or advocate disrespect for law or for any court or courts of justice, shall be guilty of a gross

misdemeanor"; Rem. & Bal. Code, § 2564.  The defendant demurred on the ground that the act was unconstitutional. The demurrer was overruled and the defendant was tried and convicted.  71 Washington, 185.  With regard to the jurisdiction of this court it should be observed that the Supreme Court of the State while affirming that the Constitution of the United States guarantees freedom of speech, held not only that the act was valid in that respect but also that it was not bad for uncertainty, citing *Waters-Pierce Oil Co.* v. *Texas,* 212 U. S. 86, so that we gather that the Constitution of the United States and especially the Fourteenth Amendment was relied upon, apart from the certificate of the Chief Justice to that effect.

The printed matter in question is an article entitled "The Nude and the Prudes" reciting in its earlier part that "Home is a community of free spirits, who came out into the woods to escape the polluted atmosphere of priest-ridden, conventional society"; that "one of the liberties enjoyed by Homeites was the privilege to bathe in evening dress, or with merely the clothes nature gave them, just as they chose"; but that "eventually a few prudes got into the community and proceeded in the brutal, unneighborly way of the outside world to suppress the people's freedom," and that they had four persons arrested on the charge of indecent exposure, followed in two cases, it seems, by sentences to imprisonment. "And the perpetrators of this vile action wonder why they are being boycotted."—It goes on "The well merited indignation of the people has been aroused.  Their liberty has been attacked.  The first step in the way of subjecting the community to all the persecution of the outside has been taken.  If this was let go without resistance the progress of the prudes would be easy."  It then predicts and encourages the boycott of those who thus interfere with the freedom of Home, concluding: "The boycott will be pushed until these invaders will come to see the

brutal mistake of their action and so inform the people."
Thus by indirection but unmistakably the article encourages and incites a persistence in what we must assume
would be a breach of the state laws against indecent
exposure; and the jury so found.

So far as statutes fairly may be construed in such a
way as to avoid doubtful constitutional questions they
should be so construed; *United States* v. *Delaware & Hudson Co.*, 213 U. S. 366, 407, 408; and it is to be presumed
that state laws will be construed in that way by the state
courts. We understand the state court by implication
at least to have read the statute as confined to encouraging an actual breach of law. Therefore the argument
that this act is both an unjustifiable restriction of liberty
and too vague for a criminal law must fail. It does not
appear and is not likely that the statute will be construed
to prevent publications merely because they tend to produce unfavorable opinions of a particular statute or of
law in general. In this present case the disrespect for
law that was encouraged was disregard of it—an overt
breach and technically criminal act. It would be in accord
with the usages of English to interpret disrespect as manifested disrespect, as active disregard going beyond the
line drawn by the law. That is all that has happened as
yet, and we see no reason to believe that the statute will
be stretched beyond that point.

If the statute should be construed as going no farther
than it is necessary to go in order to bring the defendant
within it, there is no trouble with it for want of definiteness. See *Nash* v. *United States*, 229 U. S. 373. *International Harvester Co. v. Kentucky*, 234 U. S. 216. It lays
hold of encouragements that, apart from statute, if directed to a particular person's conduct, generally would
make him who uttered them guilty of a misdemeanor
if not an accomplice or a principal in the crime encouraged,
and deals with the publication of them to a wider and less

selected audience.  Laws of this description are not un-
familiar.  Of course we have nothing to do with the wis-
dom of the defendant, the prosecution, or the act.  All
that concerns us is that it cannot be said. to infringe the
Constitution of the United States.

*Judgment affirmed.*