Ira Coleman ROBERTS, Billy O'Niel Hughes, Appellants,

v.

The UNITED STATES of America, Appellee.

No. 12411.

United States Court of Appeals Sixth Circuit.

Oct. 25, 1955.

L. E. Gwinn, Memphis, Tenn., for appellants.

J. Leonard Walker, argued Rhodes Bratcher, Louisville, Ky., on the Brief for appellee.

Before ALLEN, McALLISTER and MILLER, Circuit Judges.

MILLER, Circuit Judge.

Appellants, Ira Coleman Roberts and Billy O'Niel Hughes, were indicted for use of an interstate telephone call for the purpose of executing a scheme to defraud, in violation of Section 1343, Title 18, U. S. Code. Following trial by jury and a verdict of guilty, they received sentences of five years and three years respectively, from which these appeals were taken.

Section 1343, Title 18, U.S.Code, enacted July 16, 1952, provides as follows:

"Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of interstate wire, radio, or television communication, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined not more than $1,000 or imprisoned not more than five years, or both."

Appellants attack the constitutionality of the statute on the ground that it prescribes no rule by which to determine the nature of the "sounds" referred to in the statute, and as a consequence is so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application,

with the result that it is not sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties. Connally v. General Const. Co., 269 U.S. 385, 391, 46 S.Ct. 126, 70 L.Ed. 322. The general principle relied upon by appellants is well recognized. The authorities cited by appellants, while supporting the general principle, have no material bearing upon the particular statute herein involved. In fact, due to its recent enactment, counsel have been able to find but one reported case under it, namely, Wiltsey v. United States, 4 Cir., 222 F.2d 600, decided May 26, 1955, in which a judgment of conviction was affirmed without discussion of the question of constitutionality.

We are of the opinion that the statute does not violate the constitutional principle relied upon. The word "sounds" must be considered together with their transmission by means of interstate wire, radio or television communication. So considered, the word is restricted in scope, and there is no necessity for a man of common intelligence to guess at its meaning or to have any doubt about it including the voice or speech of a human being. Nash v. United States, 229 U.S. 373, 376–378, 33 S.Ct. 780, 57 L.Ed. 1232; Fox v. State of Washington, 236 U.S. 273, 277–278, 35 S.Ct. 383, 59 L.Ed. 573.

■ The indictment charged that the appellants, prior to August 23, 1954 and continuing to September 3, 1954, devised a scheme to defraud one Dewey W. Cass, who was a landscape gardener in Kansas City, Missouri, by falsely representing that they owned and had authority to sell 160 acres of blue grass sod, and that on September 3, 1954, "for the purpose of executing the aforesaid scheme and artifice and attempting to do so, communicated by sound, by way of interstate wire; that is, by telephone from Union City, Tennessee, to Dewey W. Cass at Paducah, Kentucky." We find no merit in appellants' contention that the indictment fails to charge the scheme with such particularity as is essential to acquaint the accused with reasonable certainty of the nature of the accusation against him, as required under the Fifth and Sixth Amendments to the Constitution.

■ Appellants also contend that the District Court lacked jurisdiction to try and convict them because there was no evidence that the appellants were ever in Union City, Tennessee, or telephoned Cass from that point as alleged in the indictment. It is true that no witness testified that he saw either of the appellants in Union City, Tennessee. However, such testimony was not necessary. The uncontradicted testimony of Cass and the records of the Telephone Company established without question that a telephone call was made from Union City, Tennessee, to Cass at his hotel room in Paducah, Kentucky, on September 3, 1954. Additional circumstantial evidence, which we think is unnecessary to here review, in our opinion, proved without question that such telephone call was made by one of the appellants. It is settled law that one who aids or assists another in the commission of a criminal act is equally guilty as a principal with the one whom he so assists or abets in the commission of the wrongful act. Section 2, Title 18, U. S. Code.

■ Appellants also contend that the evidence did not show that the alleged telephone call was in furtherance of the scheme to defraud. The evidence showed that the appellants had previously arranged with Cass to meet him at a hotel in Paducah, Kentucky, at a designated time on September 3, 1954 for the purpose of closing the deal and making the agreed cash payment; that appellants were delayed in keeping the appointment; and that the telephone call was made for the purpose of advising Cass of the delay and to request him to wait for their later arrival. In our opinion, the telephone call was in furtherance of the scheme to defraud and was sufficient to sustain such allegation of the indictment.

The judgments are affirmed.