THE STATE OF OHIO, APPELLEE, *v.* GRAY, APPELLANT.

[Cite as State v. Gray (1979), 60 Ohio App. 2d 418.]

(No. C-780220—Decided February 14, 1979.)

*Mr. Simon L. Leis, Jr.,* prosecuting attorney, *Mr. William E. Breyer,* and *Mr. Merlyn Shiverdecker,* for appellee.

*Mr. Dominic F. Perrino,* for appellant.

*Per Curiam.* This cause came on to be heard upon the appeal; the transcript of the docket, journal entries and original papers from the Court of Common Pleas of Hamilton County; the transcripts of the proceedings; and the briefs and oral arguments of counsel.

The six assignments of error having been fully considered are accordingly passed upon in conformity with App. R. 12 (A) as set forth herein.

Defendant Gray, the appellant herein, was arrested on August 6, 1977, on a charge of rape and two counts of aggravated robbery, and subsequently indicted therefor. On November 16, 1977, Gray entered pleas of guilty to the three charges, but on December 16—a month later—an order was entered withdrawing the guilty pleas and reinstating previous pleas of not guilty. On February 23, 1978, Gray was tried by a jury on the charge of rape and one count of aggravated robbery. The trial resulted in a hung jury. Gray was tried again on the same two counts in a jury proceeding commenced on March 27, 1978, and he was found guilty, as charged, of rape and one count of aggravated robbery.

Assignment of error one contends that the trial court erred in denying defendant's motion to quash the search warrant and suppress the evidence seized. The brief devotes considerable space in support of this challenge, but we find ourselves unconvinced by the attack on the search warrant. The affidavit supporting the warrant does give probable cause to believe that the items named in the search warrant were in fact at the address for which the warrant was issued. Defendant attempts to make much of the fact that the date of the offenses was June 30, 1977, and the warrant was issued on August 6—immediately following Gray's arrest. Appellant argues that too long a period of time expired between the crime and the issuance of the warrant, and that no one observed the items in the place to be searched before the warrant was issued. Neither of these contentions contains merit. The warrant here was issued the same day Gray was arrested. The location of the property sought became known to the authorities on the very date the warrant was issued. See *State* v. *Marko* (1973), 36 Ohio App. 2d 114. We know of no requirement that someone must see evidence in the place to be searched before the issuance of a warrant can be con-

sidered valid. Warrants issue because of a reasonable belief that a weapon or other items sought are on the premises to be searched. The issuing magistrate here was entitled to draw reasonable inferences from the facts before him in the affidavit, including an inference that the perpetrator of the crimes committed on June 30, 1977, would still have possession, some thirty days later, of the clothes and weapon used. In *State* v. *Eichhorn* (1975), 47 Ohio App. 2d 227, 232, the author of the opinion wrote:

"An independent magistrate, using his independent judgment based on the facts in his possession, is certainly permitted to draw reasonable inferences from which probable cause can be concluded.***Once again, the total circumstances indicate sufficient facts to cause a reasonable magistrate, exercising his independent judgment, to conclude that it was probable that the stolen property would be found on the premises***."

Thus, we overrule the first assignment of error.

Assignment of error two reads:

"The trial court permitted the search warrant and attached affidavit for search warrant to be taken into the jury room and considered by the jury."

This contention fails for at least the following reasons:

(a) No proper objection was made when the search warrant and accompanying affidavit were admitted into evidence. Counsel offered a "general objection" at this time to a number of exhibits without in any way singling out the search warrant and affidavit. In other words, the trial court was not alerted to any reason the search warrant should not be admitted. A party cannot assign as error the admission of an exhibit unless he objects thereto stating specifically the objection to the exhibit and indicating to the court the grounds for his objection. It would seem that any other procedure would deprive the trial court of the opportunity to examine the admissibility of the exhibit at that level. *State* v. *Childs* (1968), 14 Ohio St. 2d 56.

(b) Defendant raised no objection to the subject items going to the jury.

(c) In *State* v. *Graven* (1977), 52 Ohio St. 2d 112, the Supreme Court held that the trial judge has discretion in a criminal case to permit the jury to take the indictment to the

jury room. *Graven* holds "that in any event no reversible error can be based on such permission." If the rule of law in Ohio countenances indictments in the jury room—containing the categorical incriminations inherent in indictments—it cannot be reversible error to permit the jury to see the search warrant, absent a showing of particularized prejudice.

(d) Under the circumstances present here, any error which might have occurred must be held harmless. Crim. R. 52 (A).

We would be less than candid if we failed to admit that the third assignment presents a puzzling issue. It asserts:

"The court erred in permitting the former plea of guilty to be used to impeach and discredit the defendant's testimony and to accept the plea of guilty form in evidence."

The assignment itself tends to suggest the trial developments which prompted this claim of error. Gray pled guilty but approximately a month later he was allowed to withdraw his plea of guilty and to plead not guilty. During Gray's trial, before a jury, during the course of the state's cross-examination of Gray, he was asked if he had previously entered a plea of guilty to the two offenses for which he was on trial. Gray testified: "Yes, I did." We emphasize that this occurred during cross-examination and *not* during the state's case in chief. Furthermore, Gray was asked to identify, specifically, the entry containing his plea of guilty and his signature thereon and he did so. The official guilty plea became an exhibit over the objection of defense counsel.

We believe firmly that a previous plea of guilty by the defendant, afterwards withdrawn with the court's consent, should not be received in evidence as part of the state's case. The legal infirmities of such procedure are manifold. See 15A Ohio Jurisprudence 2d 415, 416, Criminal Practice and Procedure, Section 352. We have opted to provide our strong support of this rule regardless of the fact that in the matter *sub judice* the subject of a previous plea of guilty was not approached by the state until the cross-examination of the defendant. *Kercheval* v. *United States* (1927), 274 U. S. 220; *People* v. *Spitaleri* (1961), 9 N. Y. 2d 168, 173 N.E. 2d 35.

We do not have before us a mere cross-examination of a defendant about a withdrawn plea of guilty. Consequently, we do not decide that issue. The factual situation here con-

sists not only of cross-examination about the guilty plea, but the receipt into evidence of the guilty plea itself, containing, of course, the signature of the defendant. The guilty plea became Exhibit 24 and went to the jury. Because of its ready availability in the record, we do not reproduce the plea in full. However, to indicate the impressively inculpatory nature thereof, we include the following portion, which is only a small part of the full plea:

"I, Matthew Gray, Jr., Defendant in the above cause, hereby freely and voluntarily retract and withdraw my plea of Not Guilty to the charge (s) in the Indictment entered herein on a former day of this court and offer a plea of GUILTY to the following with the indicated maximum penalties:

| "Charge (s) | Maximum Term | Minimum Term |
| --- | --- | --- |
| "Rape | 25 yrs | 4 yrs |
| "Aggravated Robbery | 25 yrs | 4 yrs" |

The admission in evidence of a copy of the strongly inculpatory guilty plea—although proof was offered that the guilty plea was withdrawn before trial—is bound, we believe, to have made such a telling impression on the jury that the privilege of withdrawal became illusory. The plea of guilty, dignified as an exhibit in the trial, presents to the jury a situation so conclusive that the authorized withdrawal amounts to a fiction. Jurors are apt to give extreme weight to such evidence and, as the text writer states in annotation 86 A.L.R. 2d 326, 332, if the evidence of the guilty plea is allowed, the trial simply is an opportunity for the *defendant* to prove his innocence. *Cf. Kercheval* v. *United States, supra,* in which a certified copy of the plea of guilty was put in evidence and the court reversed the conviction holding that such procedure constituted prejudicial error. Therefore, we conclude that the assignment is well taken and we validate it.

For his fourth assignment of error, defendant states that the court and the prosecutor made improper comments. First he refers to a comment made by the prosecutor in his cross-examination of the defendant, who had testified that he had purchased the stereo receiver in question from a man in a parking lot. The prosecutor asked: "And subsequently you went to Sight and Sound and bought some other equipment

and paid a legitimate established $158 for additional equipment; is that correct?" Defense counsel objected to the use of the word "legitimate" because of the implication that the purchase in the parking lot was illegitimate. The court then commented that a sale in a parking lot is not a legitimate business.

This incident took place during cross-examination where the prosecutor had the right to challenge the credibility of defendant's testimony about the stereo. In this context, the connotation of the word "legitimate" as used by the prosecutor is, at most, ambiguous and thus was not improper. We view it as unfortunate, however, that the court commented as it did on the use of the word. The court instructed the jury in the charge to disregard any comments made by the court which might in any way have indicated an evaluation of the evidence. The court's charge could have been so formulated that it would have had a more impressive curative effect. However, we do not find prejudicial error here. The materiality of the matter is inconsequential in the context of the entire trial. We overrule this portion of the assignment of error.

The assignment also challenges prosecutorial comments during closing arguments on the subject of the withdrawal of the guilty plea. We sustain this portion of the assignment on the basis of our ruling in assignment three. Because of the infirmities *vis-a-vis* the guilty plea, as explained above, any comment thereupon—especially in the emphatic manner in which it was done—constituted prejudicial error.

In the fifth assignment of error, it is contended that the trial court unreasonably limited the defendant's right to cross-examine witnesses. However, he points to only one incident—the questioning of a police officer regarding voice identification at the lineup. Our review of the record of this part of the trial, as well as of the entire transcript, discloses that the trial judge did not abuse his discretion in limiting cross-examination. The assignment lacks merit.

In his final assignment of error, defendant alleges that the verdict and judgment below were against the weight of the evidence. We have decided that it was prejudicial error for the trial court to admit, as an exhibit, proof of the guilty plea originally entered by Gray. In appraising this assign-

ment, we are unable to assess what, if any, value the jury placed upon the guilty plea. The jury may or may not have relied upon this evidence. Were we to validate this assignment, we would hold in effect that without evidence of the guilty plea the jury should or would have found Gray not guilty. It is impossible for us so to decide. Under the rules which provide our authority and circumscribe our options, we conclude that we would be unjustified in finding that the judgment is against the manifest weight of the evidence. Therefore, assignment of error six is overruled.

*Judgment reversed*
*and cause remanded.*

SHANNON, P. J., KEEFE and CASTLE, JJ., concur.