OPINION.
Defendant-appellant Mario Campa appeals from his conviction, following a jury trial, for drug trafficking, in violation of R.C. 2925.03(A), which resulted from his offer to sell over twenty thousand grams of marijuana to an undercover Cincinnati police officer.
Though he raises eleven assignments of error, the gravamen of his appeal lies in two contentions: that the trial court lacked jurisdiction to try him because the sale of the marijuana occurred in Indiana, and that the state's failure to disclose evidence favorable to him tainted the trial. Because Campa was aware that the marijuana was to be purchased in or delivered to Hamilton County, Ohio, there was sufficient evidence linking the offense to Ohio and assuring that the trial court had subject-matter jurisdiction over the case. And because there is no reasonable probability that the trial result would have been different had the state complied with its obligation to disclose that the marijuana seized from Campa had been destroyed, the judgment of the trial court is affirmed.
 Facts
Cincinnati drug-enforcement police officer John Mercado learned through a confidential informant that Campa and his co-defendant, Hugo Montenegro, were selling narcotics from Indianapolis, Indiana. The officer spoke several times by phone with Montenegro and negotiated a purchase of marijuana from Montenegro and his "supplier," Campa. Officer Mercado testified that on April 17, 2000, Montenegro asked him to come to Indianapolis to pay for the drugs, and that Montenegro agreed to arrange for their delivery to Cincinnati. When Officer Mercado arrived in Indianapolis, he found Campa driving a van. Montenegro and Campa opened the van and showed Officer Mercado over twenty thousand grams of marijuana in fifty "Ziplock" bags. Montenegro and Campa were arrested and the marijuana was seized by Indiana authorities.
The Hamilton County Grand Jury returned an indictment charging Montenegro and Campa with three counts: in count two, with trafficking in marijuana, a second-degree felony, for offering to sell the drug to Officer Mercado; in count three, with preparation of the marijuana for sale, a fourth-degree felony; and, in count four, with possession of the marijuana, a second-degree felony.[1]
Montenegro entered a plea of guilty to trafficking in marijuana. On appeal, this court affirmed the conviction and rejected his claim that the trial court lacked jurisdiction over the prosecution. See State v.Montenegro (Dec. 21, 2001), Hamilton App. No. C-010160, unreported.
At trial, largely through the testimony of Officer Mercado and the tape recordings he made of his phone conversations with Montenegro, the jury learned that Montenegro was working with a drug supplier named "Mario"; that Campa arrived with Montenegro at the time and place arranged for the sale in Indianapolis; that Campa was driving the van that contained the marijuana; that he directed Officer Mercado to inspect the marijuana; and that, in a post-arrest statement, Campa admitted that he was Montenegro's drug supplier. Campa was convicted of trafficking in marijuana as alleged in count two of the indictment. The trial court made sentencing findings and imposed the mandatory maximum sentence of eight year's incarceration for a drug conviction involving over twenty thousand grams of marijuana.
 Subject-Matter Jurisdiction
In his second assignment of error, Campa contends that the trial court lacked jurisdiction and that venue was improper because the crime occurred in Indiana, without contacts with Hamilton County or the state of Ohio.
A person is subject to criminal prosecution in Ohio if any element of the charged offense took place in this state. See R.C. 2901.11(A)(1). In a drug-trafficking case, an offer to sell drugs over the phone to a person in Ohio is sufficient to establish jurisdiction, even if the one offering to sell the drugs is outside the state. See State v. Dominguez
(Jan. 29, 1999), Hamilton App. No. C-980148, unreported, appeal not allowed (2000), 90 Ohio St.3d 1428, 736 N.E.2d 25. Moreover, "[a] person who offers to provide narcotics as a link in the chain of supply is guilty of `offering to sell' narcotics * * *." State v. Their (June 21, 1989), Hamilton App. No. C-880271, unreported, citing State v. Scott
(1982), 69 Ohio St.2d 439, 432 N.E.2d 798.
Officer Mercado was in Cincinnati at all times when he spoke on the telephone with Montenegro. There is ample evidence in the record that Montenegro was aware that Officer Mercado was in Cincinnati, and that at least some of the marijuana that he wanted to sell to Officer Mercado would be purchased in or delivered to Hamilton County, Ohio. See Statev. Montenegro. Campa worked closely with Montenegro and was aware of the intended destination for the marijuana. Campa supplied the marijuana that was the subject of this transaction. When Officer Mercado arrived in Indiana to pay for the drugs to be delivered to Hamilton County, Campa was driving the van containing the marijuana. Campa told Officer Mercado, then still undercover, to examine the marijuana. Thus, we hold that there was sufficient evidence linking the offense to Ohio and to Hamilton County. The trial court had subject-matter jurisdiction over the case. Similarly, venue was proper in Hamilton County. See State v.Their. The second assignment of error is overruled.
 Failure to Disclose Favorable Evidence
In his next assignment of error, Campa asserts that the trial court erred in denying his motion for a mistrial on count two, the offer to sell over twenty thousand grams of marijuana, when the prosecution violated his constitutional rights by failing to disclose crucial exculpatory evidence — that the marijuana seized by Officer Mercado had been destroyed by Indiana authorities. See Brady v. Maryland (1963),373 U.S. 83, 87, 83 S.Ct. 1194, 1196-1197; see, also, DR 7-103(B). Campa contends that the prosecutor's conduct was so egregious that it undermined the confidence in the result of the trial.
In response to Campa's pretrial motion for discovery, the state disclosed that it had retrieved 22,716 grams of marijuana — over fifty pounds — in fifty baggies from the van Campa had been driving in Indiana. Approximately one week before trial, Indiana authorities informed the state that the marijuana had been inadvertently destroyed. Not until the second day of trial, during the direct examination of an Indiana police officer, did Campa first learn that the marijuana — physical evidence crucial to the proof of counts three and four of the indictment — had been destroyed. During the week before trial, the state had sought a stipulation from Campa as to the accuracy of a lab report on the marijuana conducted by the Indianapolis-Marion County Forensic Services Agency. Campa had no opportunity to conduct an independent analysis or weighing of the marijuana.
Upon learning that the marijuana had been destroyed, Campa moved for a mistrial on all three counts in the indictment. At a hearing on the motion, the trial court inquired of the assistant prosecutor,
 The Court: Well, what's the reason you didn't disclose the evidence favorable?
 Assistant prosecutor: Your Honor, when I found out about it, and it may have been, I'm guessing it was around the
 The Court: As soon as you found out you should have told him, right?
 Assistant prosecutor: I don't disagree with that. However, my analysis at the time, my thinking was that we don't have it, we never did have it from Indianapolis. My thinking was, it's been destroyed, we are not going to produce it, we don't have to produce it.
 The Court: You realize that it's evidence favorable that you have no longer have the actual marijuana, for whatever purpose. I mean it's not whether you think it's important, it's whether they do.
 The trial court granted, in part, Campa's motion for a mistrial. It dismissed counts three and four charging Campa with possession of the marijuana and with preparing it for sale. Both counts required the state to prove the existence of over twenty thousand grams of marijuana. Because the existence of the marijuana was not material to proof of an offer to sell marijuana, the court denied the motion as to count two.
As this court has repeatedly noted, it is the state's continuing obligation under Brady and Crim.R. 16(B)(1)(f) to supply the defense with evidence that is favorable to the accused. See State v. Holt (1997),132 Ohio App.3d 601, 609, 725 N.E.2d 1155, 1160; see, also, State v.Henderson (June 9, 2000), Hamilton App. No. C-990657, unreported. Crim.R. 16(B)(1)(f) mandates that, as here, upon motion of the defendant, the state must "disclose to counsel for the defendant all evidence, known or which may become known to the prosecuting attorney, favorable to the defendant and material either to guilt or punishment."
The state concedes on appeal that the assistant prosecutor committed error in failing to disclose evidence favorable to Campa. Yet the test for whether this error mandates reversal of the conviction is a stringent one. The suppression of evidence favorable to the accused violates due process, and necessitates reversal, where the evidence is material to guilt or punishment, regardless of the prosecution's good or bad faith. See Brady v. Maryland (1963), 373 U.S. 83, 87, 83 S.Ct. 1194, 1196-1197; see, also, State v. Johnston (1988), 39 Ohio St.3d 48, 529 N.E.2d 898, paragraph four of the syllabus. Evidence is material if there is a reasonable probability that, had the state disclosed the evidence to the defense, the result of the proceeding would have been different. SeeState v. Jackson (1991), 57 Ohio St.3d 29, 565 N.E.2d 549; see, also,State v. Johnston, paragraph five of the syllabus.
In this case, there is no "reasonable probability" that the trial result would have been different as to count two. The absence or presence of marijuana is not material to the state's proof of an offer to sell in violation of R.C. 2925.03(A)(1). See State v. Scott, syllabus. As we noted in State v. Thrasher (Nov. 1, 1995), Hamilton App. No. C-950064, unreported, "[t]he fact that no drugs were admitted into evidence does not alter the fact that [the defendant] knowingly offered to sell what was purported to be a controlled substance."
As a reviewing court will not disturb the trial court's discretion to overrule a motion for a mistrial absent a showing that the accused suffered material prejudice, the third assignment of error is overruled. See State v. Sage (1987), 31 Ohio St.3d 173, 182, 510 N.E.2d 343, 350.
 Weight and Sufficiency of the Evidence
In two interrelated assignments of error, Campa challenges the trial court's denial of his motion for a judgment of acquittal and the weight of the evidence adduced to support his conviction.
The record fails to persuade us that the jury, sitting as the trier of fact, clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. SeeState v. Thompkins (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541,546-547. The jury heard ample evidence that Campa aided Montenegro in offering to sell over twenty thousand grams of marijuana to an undercover officer in Ohio. The weight to be given the evidence and the credibility of the witnesses were primarily for the trier of fact to determine. SeeState v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus.
Moreover, the trial court did not err in denying the motions for acquittal, as reasonable minds could have reached different conclusions as to whether each element of the crime charged had been proven beyond a reasonable doubt. See Crim.R. 29; see, also, State v. Bridgeman (1978),55 Ohio St.2d 261, 381 N.E.2d 184.
The first and seventh assignments of error are overruled.
 Statements of a Co-Conspirator
Campa's fourth assignment of error, in which he contends that Montenegro's taped telephone conversations with Officer Mercado were hearsay and were improperly admitted into evidence during trial, is overruled.
Evid.R. 801(D)(2)(e) permits the admission of statements "made by a co-conspirator of a party during the course and in furtherance of the conspiracy upon independent proof of the conspiracy." Montenegro's out-of-court declarations were admissible and were not hearsay, as the state provided evidence that Campa participated in a conspiracy with Montenegro to sell marijuana and that Montenegro's statements were made during the course and in furtherance of the conspiracy. See State v.Daniels (Oct. 27, 1993), Hamilton App. Nos. C-920421, C-920430 and C-920447, unreported.
 Jury Instructions
Campa's fifth assignment of error, in which he claims that the trial court erred in instructing the jury on complicity and trafficking, and in refusing to instruct on statements made by a co-defendant, is overruled. The trial court's instructions complied with the applicable law and were supported by the evidence adduced at trial. An accused who is indicted as a principal may be convicted on proof that he was an aider and abettor. See State v. Graven (1977), 52 Ohio St.2d 112, 369 N.E.2d 1205; see, also, State v. Perryman (1976), 49 Ohio St.2d 14, 358 N.E.2d 1040, paragraph five of the syllabus. The proposed jury instruction limiting the use to be made of a co-defendant's statement was not appropriate where the two were tried separately. See Comment to 4 Ohio Jury Instructions (2001) 43-44, Section 405.40.
 Setting of the Offense
Campa next argues that the trial court erred in admitting testimony, over Campa's objection, regarding the manufacture, importation and sale of drugs, and in admitting evidence that Campa was carrying a firearm when he was arrested. The trial court did not err in admitting the drug-background testimony, as the challenged testimony served to provide the jury with the full setting of the offense. See State v. Duncan
(1998), 130 Ohio App.3d 77, 86, 719 N.E.2d 608, 615.
The trial court did err in admitting testimony from the arresting officers about the firearm, including their opinion that drug dealers often carry firearms. The danger of unfair prejudice to Campa substantially outweighs the probative value of this otherwise relevant evidence. See Evid.R. 403(A). Nonetheless, the error was harmless as there was substantial other evidence to support the guilty verdict. SeeState v. Webb (1994), 70 Ohio St.3d 325, 335, 638 N.E.2d 1023, 1032; see, also, State v. Griffin (2001), 142 Ohio App.3d 65, 753 N.E.2d 967. The sixth assignment of error is overruled.
 Expert Testimony
In his eighth assignment of error, Campa asserts that the trial court erred in allowing Officer Mercado to give expert testimony on the nature of drug transactions. The trial court determined that, based upon Officer Mercado's experience in narcotics investigations, he possessed knowledge that would aid the jury on matters beyond its ken. See Evid.R. 702; see, also, State v. Rangel (2000), 140 Ohio App.3d 291, 747 N.E.2d 291. Because the trial court did not abuse its broad discretion to qualify a witness as an expert, we will not disturb its ruling on appeal. See Statev. Tomlin (1992), 63 Ohio St.3d 724, 590 N.E.2d 1253. The assignment of error is overruled.
 Laboratory Technician Testimony
The ninth assignment of error, in which Campa complains that the trial court erred in admitting the testimony of the Indiana laboratory technician who had determined that the substance recovered from Campa was marijuana, is overruled. The admission of evidence is ordinarily consigned to the sound discretion of the trial court. See Evid.R. 402 and 403. Moreover, Campa cannot demonstrate prejudice arising from the admission of the testimony and the laboratory report, as the state was not required to prove the existence of marijuana in a prosecution for offering to sell the controlled substance. See State v. Thrasher.
 Motion for a New Trial
In the tenth assignment of error, Campa asserts that the trial court erred in denying his motion for a new trial because of two newly discovered statements by Montenegro and by Montenegro's employer. See Crim.R. 33(A)(6).
"The allowance of a motion for a new trial on the grounds of newly discovered evidence is within the competence and discretion of the trial judge; and in the absence of a clear showing of abuse such decision will not be disturbed." State v. Williams (1975), 43 Ohio St.2d 88,330 N.E.2d 89, paragraph two of the syllabus. Having reviewed the affidavits and the transcript of the hearing on the motion, we hold that the trial court did not abuse its discretion in concluding that the evidence did not disclose a strong probability that it would have changed the result if a new trial had been granted. See State v. Petro (1947),148 Ohio St. 505, 76 N.E.2d 370, syllabus. The assignment of error is not well taken.
 Mandatory Sentence Imposed
In his final assignment of error, Campa contends that the imposition of a mandatory eight-year term of incarceration pursuant to R.C.2925.11(C)(3)(f) was unconstitutional because it violated the doctrine of separation of powers and constituted cruel and unusual punishment.
R.C. 2925.11(C)(3)(f) states, in pertinent part, that if over 20,000 grams are involved in the offense, "the court shall impose as a mandatory prison term the maximum prison term prescribed for a felony of the second degree."
This same issue has been addressed by the Eleventh District Court of Appeals in State v. Powell (Dec. 31, 1998), Lake App. No. 97-L-253, unreported, appeal not allowed (1999), 85 Ohio St.3d 1477, 709 N.E.2d 849. We agree that as R.C. 2925.11(C)(3) sets forth a reasonable progression of harsher sentences for possession of a larger quantities of marijuana, and the mandatory eight-year sentence is not disproportionate to other crimes of similar stature, it does not constitute cruel and unusual punishment. Moreover, the General Assembly has the authority to define criminal conduct and to determine the appropriate punishment. See Statev. Thompkins (1996), 75 Ohio St.3d 558, 560, 664 N.E.2d 926, 928-929. Mandatory sentencing laws enacted pursuant to this authority do not usurp the judiciary's power to determine the sentence of individual offenders.
We also determine that the trial court's findings for imposing the mandatory sentence were amply supported by the record. The testimony of Officer Mercado and Deputy Neitzel, and the lab report prepared by technician Glen Maxwell provided evidence that Campa had offered to sell over twenty thousand grams of marijuana. See R.C. 2953.08(G)(2). The eleventh assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Judgment affirmed.
Hildebrandt and Painter, JJ., concur.
[1] Montenegro was also charged with one count of offering to sell cocaine.