[Cite as *State v. Becraft*, 2015-Ohio-3911.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2013-CA-54 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2012-CR-511A |
| v. | : | |
| | : | (Criminal Appeal from |
| RICHARD E. BECRAFT, JR. | : | Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 25th day of September, 2015.

. . . . . . . . . .

RYAN A. SAUNDERS, Atty. Reg. No. 0091678, Assistant Clark County Prosecuting Attorney, 50 East Columbia Street, Fourth Floor, Springfield, Ohio 45502
      Attorney for Plaintiff-Appellee

S. TODD BRECOUNT, Atty. Reg. No. 0065276, 115 North Main Street, Suite A, Urbana, Ohio 43078

      Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant Richard E. Becraft, Jr., appeals from his conviction and

sentencing for Aggravated Robbery. Becraft contends that his guilty plea was not knowingly, intelligently and voluntarily made, and that he received ineffective assistance of counsel. Becraft also contends that in his sentencing, the trial court improperly relied on Becraft's use of a firearm during the course of the offense, after the State stipulated that no firearm was used or possessed by Becraft. Finally, Becraft contends that the trial court erred in its order of restitution. We conclude that an error in the order of restitution and ineffective assistance of counsel at the sentencing hearing requires a reversal of Becraft's sentence and a remand for resentencing. The judgment is affirmed in all other respects.

## I.  The Course of Proceedings

{¶ 2} Becraft was indicted on one count of Aggravated Robbery, with a firearm specification, a felony of the first degree. The indictment charges that Becraft and two co-defendants:

[D]id, in attempting or committing a theft offense as defined by 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, have a deadly weapon, as defined by section 2923.11 of the Revised Code, on or about his/her person or under his/her control, and did display the weapon, brandish it, indicate that he/she possessed it, or used said weapon, in violation of 2911.01(A)(1) of the Revised Code, and against the peace and dignity of the State of Ohio.

Dkt. #1.

{¶ 3}  All three co-defendants were charged with Aggravated Robbery for the same offense, but only one of them, Jeremy Dover, had a gun and utilized it to commit the robbery. The indictment also contained a gun specification, alleging that the offenders had a firearm while committing the offense.  Later, a bill of particulars identified co-defendant Dover as the only one of the three defendants who held and utilized a gun in the course of the offense and reflected that Becraft's involvement was grabbing the victim's purse as Dover confronted her with a gun. The bill of particulars specifies that the amount stolen was $1700.[1] The victim was not physically harmed during the offense.

{¶ 4}  In exchange for his agreement to plead guilty, the State agreed to dismiss the gun specification and stipulated that Becraft did not have a firearm during the robbery offense. At the plea hearing, the trial court informed Becraft that he was eligible for community control, but that the offense of Aggravated Robbery carried a presumption of imprisonment. Plea Transcript at pg. 9. During the plea, the trial court recited the facts of the theft offense and the firearm specification, including facts alleging that Becraft possessed or used a weapon to facilitate the offense, and informed Becraft that by entering a plea he was waiving his right to require the State to prove, beyond a reasonable doubt, all the elements of Aggravated Robbery and the firearm specification. *Id.* at 10-11. However, the trial court also acknowledged that the firearm specification had been

---

[1] The record does not contain any statement of the victim or any documentation to verify the exact amount of her loss, or whether she recovered any of her losses from another co-defendant or another source, such as insurance or from the Crime Victims Compensation Fund. The record reveals that co-defendant Dozier was ordered to pay one-third of the victim's losses, $583.33 as part of his plea and conviction. The facts leading to the conviction of the third co-defendant, Dover, are summarized in *State v. Dover*, 2d Dist. Clark No. 2013-CA-58, 2014-Ohio-2303, which does not include any reference to an order of restitution, but it does reflect that the actual loss was $1700, of which $1450 were assets of Springfield Liedertafel, a German Singing Club.

dismissed. *Id.* at 12. Becraft acknowledged that he understood his rights, and was willingly waiving his rights by pleading guilty to the charge of Aggravated Robbery, with dismissal of the firearm specification. *Id.* at 12. Becraft also signed a written plea agreement, Dkt. #28, in which he specifically admitted to committing the offense of Aggravated Robbery. At no time during the plea hearing did Becraft's counsel object to the recitation of facts, the statement of rights, presumptions or conclusions, or raise any procedural defect.

{¶ 5} A pre-sentence investigation was prepared and reviewed by the trial court prior to sentencing. It reveals that Becraft had a significant history of prior misdemeanor offenses, but no prior felony convictions. The pre-sentence investigation report does not contain a statement from the victim, and she did not testify at the sentencing hearing. Relying on a statement made by the probation officer at the sentencing hearing, the trial court ordered Becraft to pay restitution to the victim in the amount of $2,000, even though the police report in the pre-sentence investigation report and the bill of particulars specified the victim's loss at $1700.

{¶ 6} At the sentencing hearing, the trial court recited factual statements about the effect of the crime on the victim, although she did not testify and no victim impact statement was included in the pre-sentence investigation. The trial court stated,

> The victim of this offense did suffer serious psychological and economic harm. There was no physical harm caused as by the victim's statement. Whether or not - - I doubt seriously that it was expected. I believe the individuals thought that the use of a firearm and the fact that they outnumbered the victim three to one would cause sufficient fear in her to

keep her from putting up a struggle; therefore, there would be no need for physical harm; but it was threatened, and the firearm was used to threaten that harm.

Transcript at pgs. 6-7. Becraft's counsel did not object to the lack of evidence to verify the impact or loss to the victim, and did not request a hearing on the issue of restitution.

{¶ 7} The judgment entry recites that after considering the record, oral statements made at the plea and dispositional hearings, any victim impact statements, the presentence report, the purposes and principles of sentencing under R.C. 2929.11, the seriousness and recidivism factors relevant to the offense and offender pursuant to R.C. 2929.12, the need for deterrence, incapacitation, rehabilitation, restitution and the sentencing guidelines in R.C. 2929.13, the trial court sentenced Becraft to serve a prison term of nine years. The judgment entry of conviction also recites several factual findings addressing factors considered in its sentencing decision, including:

The victim of the offense suffered serious psychological and economic harm as a result of the offense.[2]

In committing the offense, the defendant did not cause or expect to cause physical harm to any person or property.

The sentencing court considered all of the following regarding the defendant, and any other relevant factors, as factors indicating that the defendant is likely to commit further crimes:

The defendant has a history of criminal convictions. The defendant

---

[2] The record does not contain a victim impact statement, or testimony from the victim to support this finding of fact.

has not responded favorably to sanctions previously imposed for criminal convictions.

Prior [to] committing the offense, the defendant had not been adjudicated a delinquent child.

In committing the offense, the defendant made an actual threat of physical harm to a person with a deadly weapon.[3]

**{¶ 8}** From the judgment, Becraft appeals.

## II. Standard of Review

**{¶ 9}** "An appellate court must determine whether the record affirmatively demonstrates that a defendant's plea was made knowingly, intelligently, and voluntarily." *State v. Carter*, 2d Dist. Clark No. 2013-CA-115, 2014-Ohio-4856, ¶ 4. Our review of an alleged error in the trial court's acceptance of a guilty plea is focused on whether, before accepting the plea, the trial court substantially complies with the procedure set forth in Crim.R. 11(C)(2)(a) & (b). *State v. Nawman*, 2d Dist. Clark No. 2014-CA-6, 2015-Ohio-447, ¶ 29, citing *State v. Nero,* 56 Ohio St. 3d 106, 108, 564 N.E. 2d 474 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Id.* Additionally, the record must demonstrate that the trial court strictly complied with the requirements of Crim.R. 11(C)(2)(c), as they pertain to the waiver of federal constitutional rights. *State v. Arnold*, 2d Dist. Clark Nos. 2014-CA-23, 2014-CA-24, 2014-CA-25, 2014-

---

[3] The record does not support this finding of fact. The Bill of Particulars specifies that Becraft's only involvement in the offense was grabbing the victim's purse as the co-defendant confronted the victim with a gun.

CA-26, 2015-Ohio-1580, ¶ 11, citing *State v. Clark,* 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31. "Furthermore, when non-constitutional rights are at issue, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made generally must show a prejudicial effect." *State v. Haney*, 2d Dist. Montgomery No. 25344, 2013-Ohio-1924, ¶ 16, citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 17. "Prejudice in this context means that the plea would otherwise not have been entered." *Veney* at ¶ 15.

{¶ 10} We review assignments of error raising the ineffective assistance of counsel to determine if the counsel's deficient performance prejudiced the outcome. To prevail on a claim for ineffective assistance, Becraft must not only show that his counsel's performance was deficient, but that a reasonable probability exists that, but for his counsel's omissions, the resulting outcome would have been different. *State v. Jones*, 1st Dist. Hamilton No.C-130359, 2014-Ohio-3110, ¶ 27, citing *Strickland v. Washington,* 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley,* 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus.

{¶ 11} We review errors regarding orders of restitution using the same standard of review as any other sentencing issue. Pursuant to R.C. 2929.18, the trial court may order restitution as part of a sentence and therefore exercises discretion in deciding whether to impose a financial sanction, in addition to imprisonment or community control sanctions. We recently stated that "we will review the sentence in the case before us to determine whether it is clearly and convincingly unsupported by the record, or contrary to law, recognizing that reviewing the trial court's proper application of law involving the use of discretion is a part of the sentencing review process." *State v. Mansley*, 2d Dist.

Montgomery No. 26417, 2015-Ohio-2785, ¶ 10. "Unless the trial court has 'clearly abused its discretion and the defendant has been materially prejudiced thereby, [appellate courts] should be slow to interfere' with the exercise of such discretion." *State v. Byrd*, 2d Dist. Montgomery No. 25842, 2014-Ohio-2553, ¶ 26, quoting *State v. Hymore,* 9 Ohio St.2d 122, 128, 224 N.E.2d 126 (1967). "A trial court abuses its discretion when it makes a decision that is unreasonable, arbitrary, or unconscionable." *State v. Renner,* 2d Dist. Montgomery No. 25514, 2013-Ohio-5463, ¶ 24.

### III. Trial Court Did Not Err by Informing Becraft of his
### Eligibility for Community Control Sanctions

{¶ 12}   Becraft's First Assignment of Error asserts as follows:

THE APPELLANT WAS DEPRIVED OF HIS RIGHT TO DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION WHEN THE TRIAL COURT ACCEPTED AN UNKNOWING, UNINTELLIGENT AND INVOLUTARY GUILTY PLEA.

{¶ 13}   Becraft argues that prison is mandatory for the offense of Aggravated Robbery, and therefore the trial court erred by informing him that community control sanctions was a sentencing option. The offense of Aggravated Robbery is a first-degree felony pursuant to R.C. 2911.01(C), which carries a presumption of imprisonment pursuant to R.C. 2929.13(D)(1). However, pursuant to R.C. 2929.13(D)(2), this presumption can be overcome by proof that:

(a) A community control sanction or a combination of community

control sanctions would adequately punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a lesser likelihood of recidivism outweigh the applicable factors under that section indicating a greater likelihood of recidivism.

(b) A community control sanction or a combination of community control sanctions would not demean the seriousness of the offense, because one or more factors under section 2929.12 of the Revised Code that indicate that the offender's conduct was less serious than conduct normally constituting the offense are applicable, and they outweigh the applicable factors under that section that indicate that the offender's conduct was more serious than conduct normally constituting the offense.

{¶ 14} Becraft asserts that when an offender is convicted of Aggravated Robbery for an offense that involves a firearm, the trial court is required to impose a mandatory sentence of imprisonment, and therefore he was not properly informed of the plea options, making his plea unknowing or unintelligent. In the case before us, the facts admitted by Becraft included all the elements of an Aggravated Robbery offense, including the use of a deadly weapon (but not necessarily a firearm). Neither the indictment, nor the admitted facts, included a claim that Becraft used, possessed or had control of a firearm in the course of the offense. Mandatory imprisonment or "definite prison terms" are controlled by the provisions of R.C. 2929.13 and 2929.14, which do not include the offense of Aggravated Robbery under R.C. 2911.01, unless additional factors are present, such as the use of a firearm. Aggravated Robbery, a violation of R.C. 2911.01, does not require

the use, possession or control of a firearm. Therefore, a conviction for the offense of Aggravated Robbery, committed with a deadly weapon, not a firearm, is eligible for community control sanctions. R.C. 2929.13(F)(8) mandates a definite prison term for any felony, other than a violation of R.C. 2923.12, including the offense of Aggravated Robbery when the offender "had a firearm on or about the offender's person or under the offender's control while committing the offense" or when the offender is also charged and convicted of a firearm specification, pursuant to R.C. 2929.14(B)(1)(a).

{¶ 15} In the case before us, the trial court correctly advised Becraft that his conviction for a felony of the first degree did carry a presumption of imprisonment, but that he could overcome the presumption by meeting the proof required by R.C. 2929.13. Thus, Becraft's plea was not based on erroneous information regarding sentencing options, and his First Assignment of Error is overruled.

## IV. The Factual Basis of the Charge of Aggravated Robbery Was Properly Recited in the Plea Hearing

{¶ 16} Becraft's Second Assignment of Error asserts as follows:

THE APPELLANT WAS DEPRIVED OF HIS RIGHT TO DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION WHEN THE TRIAL COURT ACCEPTED AN UNKNOWING, UNINTELLIGENT AND INVOLUNTARY GUILTY PLEA BECAUSE THE STATE'S ALLEGATIONS DID NOT MEET THE ELEMENTS OF THE CHARGED OFFENSE.

{¶ 17} Becraft argues that because he did not possess, utilize or have control of a firearm, the facts recited and admitted by Becraft as part of his guilty plea did not include all the required elements of the offense of Aggravated Robbery. However, the charge of Aggravated Robbery only requires that the offender have a deadly weapon in his possession or under his control at the time of the offense. Pursuant to R.C. 2923.11(A) " '[d]eadly weapon' means any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon." Therefore, a deadly weapon does not have to be a firearm to meet the elements of Aggravated Robbery.

{¶ 18} The State argues that an accomplice to an Aggravated Robbery can be charged and convicted of Aggravated Robbery when there is sufficient evidence to show that the principal and the accomplice acted in concert and shared the same intent to commit robbery with the use of a deadly weapon. R.C. 2923.03(F) allows an accomplice to be prosecuted and punished as if he were the principal offender. As acknowledged by the Supreme Court of Ohio in *State v. Moore*, 16 Ohio St.3d 30, 33, 476 N.E.2d 355 (1985),

> [E]ven accepting appellant's characterization of his role in this crime as one of "accomplice," appellant is criminally culpable to the same degree as the principal offender and, in fact, may be prosecuted for the principal offense. See, *e.g., State v. Graven* (1977), 52 Ohio St.2d 112, 115-116, 369 N.E.2d 1205 [6 O.O.3d 334]. In this sense, appellant's conviction under R.C. 2911.01(A)(1) is identical in degree and quality to a conviction of a principal offender under the same section.

{¶ 19}   We conclude that the trial court did not err in accepting Becraft's plea to an indictment alleging that he committed the offense of Aggravated Robbery that involved the use of a deadly weapon, even though the facts established that he did not possess or utilize a firearm in the course of the offense. Accordingly, Becraft's Second Assignment of Error is overruled.

## V.  The Trial Court Did Not Err By Including the Elements of the Firearm Specification In the Plea Colloquy

{¶ 20}   Becraft's Third Assignment of Error asserts as follows:

THE TRIAL COURT ABUSED ITS DISCRETION AND VIOLATED BECRAFT'S DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE 1 SECTION 10 OF THE OHIO CONSTITUTION WHEN IT RELIED ON THE USE OF A FIREARM AT SENTENCING AFTER THE STATE STIPULATED THAT NO FIREARM HAD BEEN USED OR POSSESSED BY BECRAFT.

{¶ 21}   Becraft argues that the trial court erred by imposing a sentence on the basis that Becraft utilized a firearm in the course of the offense, when in fact the State stipulated that Becraft did not have a firearm during the commission of the robbery. Nothing in the record indicates that the trial court's sentencing decision was influenced by whether or not Becraft had possession or control of a firearm during the course of the offense.   The trial court did not impose the maximum sentence for Aggravated Robbery or add on extra time for the dismissed firearm specification. The maximum sentence for

Aggravated Robbery, as a first-degree felony is eleven years, pursuant to R.C. 2929.14(A)(1). If the trial court had considered the firearm specification contained in the indictment, it could have added an additional three years imprisonment pursuant to R.C. 2929.14 (B)(1)(a)(ii).

{¶ 22} Moreover, it appears that the trial court's purpose in including a recitation of the facts required for the firearm specification was to advise Becraft of the facts the State would be required to prove if the plea agreement was not executed and the case proceeded to trial. This was proper advice, which facilitated Becraft's knowing and intelligent consideration of the plea agreement.

{¶ 23} Therefore, we conclude that Becraft was not prejudiced by the trial court's recitation that the elements of the firearm specification, as charged in the indictment, included facts pertaining to the possession, use or control of a firearm in the course of the offense. Thus, Becraft's Third Assignment of Error is overruled.

## VI. Failure to Object at Sentencing Was Prejudicial

{¶ 24} Becraft's Fourth Assignment of Error alleges as follows:

THE DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION.

{¶ 25} Becraft argues that his attorney was ineffective when he failed to raise objections or correct misstatements made during the plea hearing. "An attorney who is properly licensed in the State of Ohio is presumed to be competent; therefore, the burden

of proving such a claim is on the defendant." *State v. Fairman*, 2d Dist. Montgomery No. 24299, 2011-Ohio-6489, ¶ 31, citing *State v. Jackson,* 64 Ohio St.2d 107, 111, 413 N.E.2d 819 (1980). "In order to prevail on a claim of ineffective assistance of counsel, the defendant must show both deficient performance — i.e., that counsel's representation fell below an objective standard of reasonableness — and resulting prejudice." *Id.*, citing *Strickland v. Washington* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). "To demonstrate prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *State v. Gondor*, 112 Ohio St.3d 377, 390-91, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 62, citing *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052, 80 L.Ed.2d 674.

**{¶ 26}** As discussed above, we have concluded that no error occurred by the trial court's explanation, during the plea hearing, that the offense of Aggravated Robbery carries a presumption of imprisonment, and therefore, community control was an option if the presumption was overcome. We have also concluded that Becraft was not prejudiced by his counsel's failure to object to the trial court's recitation of the facts underlying the firearm specification during the plea hearing.

**{¶ 27}** However, as discussed below, we do conclude that Becraft was prejudiced by his counsel's failure to object to the order of restitution or to request a restitution hearing, when the record did not support the amount of the restitution order. We are also concerned about the failure of Becraft's counsel to object to erroneous factual statements made at the sentencing hearing that led the trial court to make findings of fact in the

sentencing entry which are not supported in the record, including a finding that Becraft threatened the victim with a deadly weapon and that the victim suffered severe psychological harm. These factual issues can be readdressed at a new sentencing hearing. There is a reasonable probability that the sentence would have been different if Becraft's counsel had made appropriate objections at the sentencing hearing.

{¶ 28} Accordingly, Becraft's Fourth Assignment of Error is sustained.

## VII. The Amount of Restitution Ordered Is Not Supported by the Record

{¶ 29} As explained by the Supreme Court of Ohio in *State v. Lalain*, 136 Ohio St.3d 248, 255, 2013-Ohio-3093, 994 N.E.2d 423, ¶ 27:

A trial court has discretion to order restitution in an appropriate case and may base the amount it orders on a recommendation of the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, but the amount ordered cannot be greater than the amount of economic loss suffered as a direct and proximate result of the commission of the offense. A trial court is required to conduct a hearing on restitution only if the offender, victim, or survivor disputes the amount of restitution ordered.

{¶ 30} The Third District Court of Appeals has held that the statute, R.C. 2929.18, allowing the imposition of restitution does not require apportionment. *State v. Kline*, 3d Dist. Henry No. 7-12-03, 2012-Ohio-4345, ¶ 12. However, the statute also does not prohibit apportionment. Since the statute specifically limits an order of restitution to the victim's actual economic losses, suffered as a direct and proximate result of the offense,

it can be concluded that the victim is not entitled to double recovery from multiple offenders. Therefore, it would be a sound and reasonable practice for a trial court to designate the liability for restitution among co-defendants as joint and several. If an order of restitution is not designated as imposing joint and several liability among co-defendants, the statute, R.C. 2929.18(A)(1), allows the offender to file a motion for modification of the payment terms of any restitution ordered. If the movant establishes that the victim was compensated by any other source, the amount of the restitution should be reduced.

{¶ 31} In the case before us, Becraft alleges that the order of restitution was incorrect because the trial court failed to designate joint and several liability, and is contrary to the statute governing financial sanctions in felony cases, R.C. 2929.18. Our review of the record reveals that the amount of the restitution ordered — $2,000 — is clearly and convincingly unsupported by the record because it does "exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense," which was specified in the bill of particulars as $1,700. Therefore, we conclude that the restitution order is contrary to law and Becraft's Fifth Assignment of Error is sustained.

## VIII.   Conclusion

{¶ 32} Becraft's First, Second, and Third Assignments of Error having been overruled, and his Fourth and Fifth Assignments of Error have been sustained, the sentence imposed by the trial court is Reversed, the judgment is Affirmed in all other

respects, and this cause is Remanded for resentencing.

. . . . . . . . . . . . .

FROELICH, P.J., and DONOVAN, J., concur.

Copies mailed to:

Ryan A. Saunders
S. Todd Brecount
Hon. Richard J. O'Neill