[Cite as *State v. Jackson*, 2012-Ohio-2727.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-110570 |
| | | TRIAL NO. B-1007652 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| THOMAS JACKSON, JR., | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  June 20, 2012

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Bryan R. Perkins,* for Defendant-Appellant.

Please note:  This case has been removed from the accelerated calendar.

**HILDEBRANDT, Presiding Judge.**

{¶1}     Defendant-appellant Thomas Jackson, Jr., appeals the judgment of the Hamilton County Court of Common Pleas convicting him of having a weapon while under a disability, a felony of the third degree.  He was convicted after a jury trial.

### The Firearms Found in Jackson's Apartment

{¶2}     Late one night, a group of men fired shots at the cruiser of a police officer, who escaped the attack uninjured.  Police investigation ultimately led to the apartment of Jackson, who was the sole lessee of the residence.

{¶3}     When officers executed a search warrant for Jackson's residence, they found John Jackson hiding in a closet.  Thomas Jackson and John Jackson were unrelated, but John Jackson had a key to the apartment and would frequently stay there.  We refer to Thomas Jackson as "Jackson."

{¶4}     In searching the apartment, the officers discovered a loaded handgun sitting on a computer table, another loaded handgun next to a recliner in the living room, a third loaded gun in a pile of shoes, and a loaded assault rifle under Jackson's bed.  They also discovered a large assortment of drug paraphernalia as well as cocaine residue.

{¶5}     Jackson was indicted for attempted murder, felonious assault, tampering with evidence, trafficking in cocaine, possession of cocaine, and having a weapon under disability.

{¶6}     At trial, Jackson stipulated that he had been under a legal disability because of a previous misdemeanor conviction for possessing marijuana.  He presented the testimony of Brittney Foster and Darrell Mattocks, who stated that Jackson had not been present at the scene of the shooting.  Jackson himself took the

2

stand and testified that he had not participated in the assault on the officer. He further testified that although he had known of the presence of three of the guns in his apartment, they had belonged to John Jackson.

{¶7}     Jackson was acquitted of all charges except possessing a weapon while under a disability. On September 1, 2011, the trial court sentenced him to a five-year term of imprisonment.

### The Amendment of R.C. 2923.13

{¶8}     In his first assignment of error, Jackson argues that his conviction was improper because of the amendment of R.C. 2923.13(A)(3). Under the amendment, which became effective on September 30, 2011, a legal disability is imposed only upon those who are convicted of a felony drug offense. Jackson maintains that because he had been convicted of only a minor-misdemeanor drug offense, he was no longer under a disability within the meaning of R.C. 2923.13(A)(3).

{¶9}     We find no merit in this argument. Under R.C. 1.58(A)(3) "[t]he reenactment, amendment, or repeal of a statute does not, except as provided in division (B) of this section * * * [a]ffect any violation thereof or penalty, forfeiture, or punishment incurred in respect thereto, prior to the amendment or repeal * * *." Subsection (B) of the statute states that "[i]f the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended." *See also State v. Jones,* 1st Dist. No. C-110603, 2012-Ohio-2075.

{¶10}     Thus, R.C. 1.58 relates only to sentencing and does not affect the determination of guilt. In this case, Jackson was found guilty and sentenced prior to

3

the effective date of the amendment of R.C. 2923.13. Accordingly, his conviction was proper, and we overrule the first assignment of error.

**Sufficiency and Weight of the Evidence**

{¶11} In his second and third assignments of error, Jackson argues that his conviction was based on insufficient evidence and was against the manifest weight of the evidence. Specifically, he contends that the state failed to demonstrate that he had possessed any of the weapons found in his residence. We address the assignments together.

{¶12} In reviewing the sufficiency of the evidence to support a conviction, the relevant inquiry for the appellate court "is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Waddy*, 63 Ohio St.3d 424, 430, 588 N.E.2d 819 (1992). To reverse a conviction on the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that, in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice in finding the defendant guilty. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997).

{¶13} The state conceded that Jackson had not been found in actual possession of any weapon. Rather, it alleged that he had constructively possessed the firearms found in his apartment.

{¶14} To establish constructive possession, the state must demonstrate that the defendant exercised dominion and control over an item, even though the item was not within his immediate physical possession. *State v. Wolery,* 46 Ohio St.2d 316, 329, 348 N.E.2d 351 (1976). Constructive possession may be inferred where the defendant has control and dominion over the premises and is aware that

4

the item is on those premises. *State v. Bray,* 8th Dist. No. 92619, 2009-Ohio-6461, ¶ 23. Thus, constructive possession may be established even where the defendant shares an apartment with another, if the items are found in the defendant's living area and in plain view throughout the premises. *State v. Scalf,* 126 Ohio App.3d 614, 619, 710 N.E.2d 1206 (8th Dist.1998).

{¶15}     In this case, the conviction was in accordance with the evidence. The search of Jackson's apartment revealed the presence of multiple firearms, one of which was found under his bed. And Jackson himself admitted that he had known of the presence of three of the weapons. Although he emphasizes that other people had access to the apartment and that John Jackson was the only person present when the warrant was executed, we cannot say that the jury lost its way in finding Jackson guilty. Accordingly, we overrule the second and third assignments of error.

### Prosecutorial Misconduct

{¶16}     In his fourth and fifth assignments of error, Jackson claims that he was deprived of a fair trial because of prosecutorial misconduct. We address these assignments together.

{¶17}     The test for prosecutorial misconduct is whether the prosecutor's questions or remarks were improper, and, if so, whether they prejudicially affected the defendant's substantial rights. *State v. Glenn,* 1st Dist. No. C-090205, 2011-Ohio-829, ¶ 52, citing *State v. Smith,* 14 Ohio St.3d 13, 14-15, 470 N.E.2d 883 (1984) and *State v. Canyon,* 1st Dist. Nos. C-070729, C-070730, and C-070731, 2009-Ohio-1263, ¶ 17.

{¶18}     First, Jackson argues that the trial court erred in permitting the state to improperly impeach a defense witness with prior criminal convictions. Specifically, he argues that the state improperly questioned Darrell Mattocks about

prior misdemeanor convictions for carrying a weapon while intoxicated, disorderly conduct, and criminal trespass.

{¶19} Evid.R. 609(A) provides that a witness may be impeached by a prior conviction "if the crime was punishable by death or imprisonment in excess of one year" or "if the crime involved dishonesty or false statement."

{¶20} In this case, Mattocks's prior convictions did not fall within either of the provisions of Evid.R. 609. Nonetheless, we cannot say that Jackson was prejudiced by the error. Mattocks's testimony related primarily to the attempted shooting of the police officer, for which Jackson was acquitted, and not to the crime for which Jackson was convicted. Thus, any error in impeaching his testimony was harmless.

{¶21} Jackson also argues that the state improperly adduced evidence of his involvement in gang-related activity to give the impression that he was part of a drug-dealing gang. This argument is not persuasive. We agree with the state that, even if this evidence were arguably improper, Jackson has shown no prejudice to have resulted from its admission, because he was acquitted of the drug charges.

{¶22} Next, Jackson contends that the assistant prosecutor engaged in improper cross-examination when he asked Jackson about the lack of "verification" of the defense witnesses' testimony. He argues that this line of questioning was an improper attempt to vouch for the credibility of the state's witnesses and to shift the burden of proof to the defense.

{¶23} We find no merit in this argument. The questions at issue were posited in response to Jackson's testimony that one of the state's witnesses was a "habitual liar" and that certain other testimony of the state's witnesses had not been verified. As such, the questions were calculated to rebut Jackson's own claims that

the state's witnesses were not credible. *See Glenn* at ¶ 62. We find no impropriety in the questioning.

{¶24} Jackson also argues that the assistant prosecutor improperly asked him if he was being held in jail at the time of trial. Although we find no justification for this question, the trial court sustained Jackson's objection, and we must presume that the jury rejected any improper inference. *See State v. Ridley,* 1st Dist. No. C-100301, 2011-Ohio-2477, ¶ 62, citing *State v. Hancock,* 108 Ohio St.3d 57, 2006-Ohio-160, 840 N.E.2d 1032, ¶ 86.

{¶25} The same reasoning applies to Jackson's argument that the state committed misconduct when it asked him if John Jackson "had at least some prior pot tickets like yourself?" Because the trial court sustained the objection to that question, we find no reversible error.

{¶26} Finally, Jackson contends that the assistant prosecutor made improper remarks during closing argument. He maintains that the state improperly denigrated the defense, vouched for the credibility of the state's witnesses and referred to matters that were not in evidence. But because Jackson did not object to the argument, we review the matter for plain error. Under the plain-error standard, the defendant must demonstrate that the prosecutor's conduct was improper and that, but for the misconduct, the outcome of the trial would have been different. *State v. Rucker*, 1st Dist. No. C-110082, 2012-Ohio-185, ¶ 20, citing *State v. Williams,* 79 Ohio St.3d 1, 12, 679 N.E.2d 646 (1997).

{¶27} In this case, the comments were proper, and Jackson has failed to show that the outcome would have been different in the absence of the challenged remarks. The assistant prosecutor merely cited weaknesses in the defense's case, described the strength of the state's case, and explained why the state had not produced more forensic evidence. Reviewing the closing argument in its entirety, we

conclude that the allegedly improper remarks were fair comments on the evidence and did not rise to the level of plain error. Accordingly, we overrule the fourth and fifth assignments of error.

### Sentencing

{¶28}    In his sixth and final assignment of error, Jackson contends that the five-year maximum prison term was excessive.

{¶29}    A reviewing court must first determine whether the sentence was clearly and convincingly contrary to law. *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 14. If the sentence was not contrary to law, the appellate court then reviews the sentence under an abuse-of-discretion standard. *Id.* at ¶ 17.

{¶30}    In the case at bar, the sentence was within the statutory range, and we find no abuse of discretion. Jackson was on community control for another felony weapon conviction when charged with the instant offense. And as the state observes, this case involved numerous firearms, including an assault rifle. Under these circumstances, the trial court's sentence was justified, and we overrule the sixth assignment of error.

### Conclusion

{¶31}    The judgment of the trial court is affirmed.

Judgment affirmed.

**CUNNINGHAM** and **DINKELACKER, JJ.,** concur.

Please note:
 The court has recorded its own entry this date.