[Cite as *State v. Jones*, 2014-Ohio-3110.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-130359 |
| Plaintiff-Appellee, | : | TRIAL NO. B-1202578 |
| vs. | : | |
| CHRISTOPHER JONES, | : | *O P I N I O N.* |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal:  July 16, 2014

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Melynda Machol*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Robert R. Hastings, Jr.*, for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.

**FISCHER, Judge.**

{¶1} Defendant-appellant Christopher Jones appeals his conviction for heroin possession stemming from a drug-dog sniff of a vehicle driven by Jones. After the trial court denied Jones's motion to suppress, Jones was found guilty of possession by a jury. Because we determine that the trial court properly denied Jones's motion to suppress, and that Jones's remaining assignments of error are similarly without merit, we affirm the judgment of the trial court.

## Jones's Motion to Suppress

{¶2} The state indicted Jones for trafficking in and possession of heroin, following the discovery of heroin in a rental vehicle driven by Jones. Jones filed a motion to suppress the evidence found in the vehicle, arguing that the police had obtained the evidence as the result of an unlawful search of his person and the vehicle in violation of his Fourth Amendment rights. Jones also moved to suppress any statements made by him to police during the encounter because those statements had been obtained in violation of his *Miranda* rights.

{¶3} The trial court held a hearing on the motion to suppress where the state presented the testimony of Officers Ted Robinson, Victoria Wysel, William Wolner, and Phillip Stoup. Officers Robinson and Wysel testified that they had received information from another officer who had received a tip from a confidential informant that a light-colored or silver Hyundai SUV would be conducting a drug transaction at the Pleasant Ridge Community Center (the "Center"). Officers Robinson and Wysel had been sitting in an unmarked police cruiser in the parking lot of the Center when they observed a light-colored SUV pull into the lot. The officers observed the driver, Jones, exit from the vehicle and walk across the parking

2

lot toward two other men. Jones and the two men then proceeded away from the Center, toward a tree line, and over an embankment, at which point the officers called for a uniformed officer, Officer Wolner.

{¶4} Officers Wolner, Wysel, and Robinson approached all three men and questioned Jones as to why he had parked his vehicle at one end of the lot and had walked across the lot to speak with the other men. Jones denied driving to the Center, stating that he had walked there. Officer Wolner testified that he had asked the men for identification and then had searched the computer system for any open warrants on them. The search revealed multiple capiases for Jones, including one for driving under suspension. Officer Wolner then placed Jones in handcuffs and conducted a pat down of his person, revealing car keys in Jones's pocket. Officer Wolner placed Jones in the back of a police cruiser.

{¶5} Once Jones denied any contact with the vehicle that the officers had seen Jones driving, the officers called for a drug-sniffing dog. Officer Stoup arrived shortly thereafter at the Center with a dog trained to detect heroin. Officer Stoup testified that the dog's exterior sniff of the vehicle driven by Jones had detected the presence of drugs. The officers then used the keys recovered from Jones's pocket to open the locked doors on the vehicle. The officers recovered heroin, a scale, and pieces of lottery tickets from the middle console. Officer Wysel read Jones his *Miranda* rights, and then Officer Wolner transported Jones to the Hamilton County Justice Center. En route, Jones continued to disassociate himself from the vehicle.

{¶6} Jones also testified at the motion-to-suppress hearing. He admitted that he had lied to police about driving the vehicle because his license had been suspended. Jones, however, denied any knowledge of the drugs, and stated that the

3

vehicle had belonged to an acquaintance, "Miranda." Jones had Miranda's permission to take the car to the Center to use the gym. Jones realized later that the car had been rented from Enterprise. At the conclusion of the hearing, the trial court denied the motion to suppress.

## Trial

{¶7} After the denial of Jones's motion to suppress, the matter proceeded to a jury trial. The state presented the testimony of Officers Wysel, Stoup, Wolner, and Robinson, whose testimony largely mirrored their testimony at the motion-to-suppress hearing. The state also offered the testimony of Officer Otis Wellborn, who had received the tip from the confidential informant regarding Jones. Officer Wellborn testified that the informant, deceased by trial, had known Jones because they had dealt "dope" together, and that the informant had told Officer Wellborn that Jones would be meeting the informant at the Center, would be driving a silver Hyundai Sante Fe, and would have "dope" either in his vehicle or on his person. Officer Wellborn then had relayed this information to Officers Robinson and Wysel. Officer Wellborn testified that the silver Hyundai had been rented from Enterprise by Miranda Short.

{¶8} Jones did not present any witnesses at trial; however, he submitted into evidence a membership agreement for the Cincinnati Recreation Commission.

{¶9} The jury could not reach a verdict on the trafficking charge, and the trial court declared a mistrial on that count. The jury found Jones guilty of possession, and the trial court sentenced him to four years in prison and imposed a one-year driver's license suspension.

4

**The Search of Jones's Vehicle**

{¶10}  In his first assignment of error, Jones argues that the trial court erred in overruling his motion to suppress.  Jones's arguments challenge the officers' actions leading up to and including the search of the vehicle.  Because the trial court did not make any findings of fact in its decision denying the suppression motion, we must review the record to determine whether sufficient evidence exists to support the trial court's legal decision.  *See State v. Shields*, 1st Dist. Hamilton No. C-100362, 2011-Ohio-1912, ¶ 9, citing *State v. Brown*, 64 Ohio St.3d 476, 597 N.E.2d 97 (1992), syllabus.

{¶11}  Jones argues in his appeal that the warrantless search of the vehicle violated his Fourth Amendment rights.  The Fourth Amendment protects an individual's reasonable expectations of privacy, and warrantless searches and seizures are per se unreasonable.  *State v. Brewster*, 1st Dist. Hamilton Nos. C-030024 and C-030025, 2004-Ohio-2993, ¶ 19, citing *Stoner v. California*, 376 U.S. 483, 490, 84 S.Ct. 889, 11 L.Ed.2d 856 (1964), and *Horton v. California*, 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990).  A person who has no reasonable expectation of privacy in an area lacks standing to challenge a police search of that area.  *State v. Bush*, 1st Dist. Hamilton No. C-000158, 2001 Ohio App. LEXIS 995, *4 (Mar. 9, 2001), citing *United States v. Salvucci*, 448 U.S. 83, 95, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980).

{¶12}  Although the state did not argue at the motion-to-suppress hearing that Jones lacked standing to challenge the search, the state raises this issue to this court.  Where a driver has permission to use a vehicle, the driver has a reasonable expectation of privacy in that vehicle.  *State v. Carter*, 69 Ohio St.3d 57, 63, 630

N.E.2d 355 (1994). Because Jones testified that he had obtained permission to use the vehicle from an acquaintance, Short, and the state did not argue at the motion-to-suppress hearing that Jones lacked standing, we determine that Jones had standing to challenge the search of the vehicle. *See United States v. Garcia*, 897 F.2d 1413, 1418 (7th Cir.1990).

{¶13} Because Jones had standing to challenge the search of the vehicle, we must determine whether the officers had justification for their actions leading up to the search. The officers first encountered Jones when they acted on a tip from a confidential informant regarding a light-colored or silver SUV that would be carrying drugs to the Center. The officers witnessed Jones drive a vehicle, which matched the description given by the informant, into the parking lot of the Center, and then walk across the lot toward the tree line with two other men. Jones argues that because none of the officers testified as to the reliability of the confidential informant, the officers' subsequent actions were improper. Here, we determine that the officers' actions were justifiable without reliance on the informant's statements.

{¶14} When an officer makes an investigative stop based solely on a tip from an informant, the state must show that the tip has sufficient indicia of reliability to justify the stop. *See City of Maumee v. Weisner*, 87 Ohio St.3d 295, 299-300, 720 N.E.2d 507 (1999). Officers may briefly question someone and ask for identification, however, without implicating the Fourth Amendment; therefore, the officers acted properly in briefly questioning Jones in the parking lot regarding his behavior and in requesting identification. *See State v. Ruehlmann*, 1st Dist. Hamilton No. C-100784, 2011-Ohio-6717, ¶ 12, citing *Hiibel v. Sixth Judicial Dist. Court of Nevada, Humboldt Cty.*, 542 U.S. 177, 185, 124 S.Ct. 2451, 159 L.Ed.2d 292 (2004); *State v.*

*Pierce*, 125 Ohio App.3d 592, 596-97, 709 N.E.2d 203 (10th Dist.1998). When questioned, Jones denied driving the vehicle, and stated that he had walked to the Center. Jones's behavior in walking away from the Center with two men, parking his vehicle at a distance from them, and attempting to disassociate himself from the vehicle gave the officers justification to briefly detain Jones while they checked for outstanding arrest warrants on him. *See Ruehlmann* at ¶ 12.

{¶15} Once the police officers learned that Jones had outstanding warrants, they arrested him. The officers placed Jones in the back of a police cruiser and then used a drug dog to conduct an exterior search of the parked vehicle driven by Jones. Where a vehicle has been "lawfully detained," a drug dog's exterior sniff of the vehicle is not a search for Fourth Amendment purposes. *State v. Lopez*, 166 Ohio App.3d 337, 2006-Ohio-2091, 850 N.E.2d 781, ¶ 21 (1st Dist.); *see Illinois v. Caballes*, 543 U.S. 405, 408-409, 125 S.Ct. 834, 160 L.Ed.2d 842 (2005) (determining that no legitimate expectation of privacy exists where a drug dog conducts a sniff of the exterior of a vehicle during a lawful traffic stop).

{¶16} In this case, the drug-dog sniff did not subject Jones to any additional detention or delay because he had already been placed under arrest on the open warrant. The officers saw Jones drive and park the vehicle in the lot of the Center, thus no risk existed that the vehicle did not belong to Jones, and the officers did not prevent anyone else from driving the vehicle. Therefore, we determine that Jones's vehicle was lawfully detained at the time of the drug-dog sniff, and that no Fourth Amendment violation occurred. *See United States v. Robinson*, W.D.N.C. No. 5:08-cr-20, 2009 U.S. Dist. LEXIS 98432, *8-9 (Oct. 8, 2009), relying on *Caballes* at 411 (no Fourth Amendment violation occurred where a defendant was under lawful

arrest at the time officers conducted a dog sniff of the defendant's vehicle: the officers left the vehicle where the defendant parked it, and the officers did not prevent anyone else from taking possession of the vehicle).

{¶17} Once the drug dog indicated the presence of drugs in Jones's lawfully-detained vehicle, probable cause existed to search that vehicle. *See Lopez* at ¶ 22. Therefore, we determine that the officers' search of the vehicle did not violate Jones's Fourth Amendment rights, and the trial court properly denied Jones's motion to suppress. We overrule Jones's first assignment of error.

### Out-of-Court Statements Explaining Police Investigation

{¶18} In his second assignment of error, Jones argues that the trial court erred in admitting hearsay testimony from Officer Wellborn regarding the information he received from the informant, which led the police to investigate Jones.

{¶19} The state argues that the informant's statements as testified to by Officer Wellborn were admissible because the statements explained the officers' presence at the Center and their subsequent conduct during the investigation of Jones. *See State v. Thomas*, 61 Ohio St.2d 223, 232, 400 N.E.2d 401 (1980). In *Thomas*, the defendants stood trial for operating a gambling house, and the investigating officers testified at trial that they had received a tip regarding a "sports bookmaking" operation in Roseville, Ohio, which led them to investigate the defendants. *Id.* The defendants argued that the admission of the officers' statements violated their right of confrontation, and that the statements were inadmissible hearsay. The Ohio Supreme Court disagreed, finding that the testimony explained the investigative activities of the officers and that "extrajudicial statements made by

8

an out-of-court declarant are properly admissible to explain the actions of a witness to whom the statement was directed." *Id.*

{¶20} The court distinguished *Thomas* in *State v. Ricks*, 136 Ohio St.3d 356, 2013-Ohio-3712, 995 N.E.2d 1181, ¶ 20. The *Ricks* court faced the similar issue of whether police officer testimony offered to explain an officer's actions during an investigation violated a defendant's right of confrontation. The testimony at issue in *Ricks* involved out-of-court statements by an alleged accomplice, which implicated the defendant in a murder and robbery of a drug dealer. The court determined that testimony offered to explain police officers' actions can be admissible as nonhearsay if certain conditions are met: "the conduct to be explained should be relevant, equivocal, and contemporaneous with the statements"; the testimony must survive a balancing test under Evid.R. 403; and "the statements cannot connect the accused with the crime charged." *Id.* at ¶ 27, relying on *State v. Blevins*, 36 Ohio App.3d 147, 521 N.E.2d 1105 (10th Dist.1987). Because the statements from the accomplice went beyond nonhearsay purposes and connected the defendant to the crime, the court determined that the statements were hearsay. *Id.* at ¶ 45. The court determined that the out-of-court statements offered in *Thomas* were offered for nonhearsay purposes because they provided "general background to explain what had led the police to begin an investigation" and the statements did not tie the defendants in that case to the crime charged. *Id.* at ¶ 20.

{¶21} Applying the test as laid out in *Ricks*, we determine that Officer Wellborn's testimony regarding the statements by the informant connected Jones to the crimes charged, and thus were inadmissible hearsay. Officer Wellborn testified that the informant had told him that the informant would be meeting Jones at the

Center and that drugs would be on Jones's person or in his vehicle. Officer Wellborn could have stopped short of linking Jones to the drug charges, while also explaining how the officers began their investigation. *See Ricks* at ¶ 51 (French, J., concurring), quoting 2 McCormick, *Evidence*, Section 249, at 193-195 (7th Ed.2013) ("[i]t is usually possible to explain the course of an investigation without relating historical aspects of the case, and in most cases, testimony that the officer acted 'upon information received,' or words to that effect, will suffice."). Therefore, Officer Wellborn's testimony related to the informant's statements linking Jones to the criminal drug activity was hearsay.

{¶22} Nevertheless, because Jones's counsel failed to object to Officer Wellborn's testimony after an initial sustained objection, this court reviews the admission of the testimony for plain error. *See State v. Frazier*, 73 Ohio St.3d 323, 332, 652 N.E.2d 1000 (1995). Under a plain-error analysis, this court must affirm a conviction unless, but for the allegedly inadmissible evidence, the outcome of the trial would have been different. *See State v. Lukacs*, 188 Ohio App.3d 597, 2010-Ohio-2364, 936 N.E.2d 506, ¶ 34 (1st Dist.). Here, it cannot be said that the outcome of the trial would have been different absent the informant's statements. The trial court dismissed the trafficking charge against Jones. As to the possession charge, the lawful search of the vehicle driven solely by Jones revealed heroin. Prior to uncovering the heroin, Jones had lied to police, telling them he had walked to the Center, and Jones had been arrested on an unrelated, outstanding warrant. Therefore, we overrule Jones's second assignment of error.

**Sufficiency of the Evidence**

{¶23} In his third assignment of error, Jones argues that the evidence adduced at trial was insufficient as a matter of law to support his conviction for possession under R.C. 2925.11(A). He contends that, because the heroin was in a closed console in a vehicle, which had been rented by someone else, no evidence existed that Jones possessed the heroin. We disagree.

{¶24} The state need not prove that Jones actually possessed the heroin in order to prove possession, if the evidence shows that Jones constructively possessed the heroin by exercising dominion and control. *See State v. Jackson*, 1st Dist. Hamilton No. C-110570, 2012-Ohio-2727, ¶ 14, citing *State v. Wolery*, 46 Ohio St.2d 316, 329, 348 N.E.2d 351 (1976). Furthermore, the state can show that a defendant has exercised dominion and control over an object through circumstantial evidence. *See State v. Brown*, 1st Dist. Hamilton No. C-120327, 2013-Ohio-2720, ¶ 43. In conducting a sufficiency-of-the-evidence inquiry, this court is not limited to considering only admissible evidence. *See State v. Benton*, 1st Dist. Hamilton Nos. C-130556, C-130557 and C-130558, 2014-Ohio-2163, ¶ 20, citing *State v. Brewer*, 121 Ohio St.3d 202, 2009-Ohio-593, 903 N.E.2d 284, ¶ 1, 19.

{¶25} The evidence presented at trial showed that the officers had received a tip that a light-colored or silver SUV driven by Jones would be arriving at the Center carrying drugs. A car, which had been driven by Jones and had matched the description given to the officers, had pulled into the Center's parking lot. The subsequent questioning and arrest of Jones by the officers had then led the officers to find heroin in the vehicle. Thus, the record contains sufficient evidence for the jury to conclude that the state had proven the elements of heroin possession beyond

a reasonable doubt. *See State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶26} We overrule Jones's third assignment of error.

## Ineffective Assistance of Counsel

{¶27} Jones's fourth assignment of error lists several alleged omissions on the part of his counsel, which he argues amount to ineffective assistance of counsel. In order to succeed in reversing his conviction for ineffective assistance, Jones must not only show that his counsel's performance was deficient, but that a reasonable probability exists that, but for his counsel's omissions, the result of his trial would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus.

{¶28} Jones, without citation to any legal authority, argues that his counsel was ineffective because he failed to: argue that the reliability of the informant had not been established by the state at the motion-to-suppress hearing; object to hearsay at the motion-to-suppress hearing; argue that the search of the vehicle had not been part of a traffic stop and that the police had failed to seek a search warrant; continue to object to Officer Wellborn's hearsay testimony regarding statements by the informant; ask for a limiting instruction that hearsay evidence should not be used to prove the truth of the matter asserted; request a jury instruction on constructive possession; argue that Jones's Confrontation Clause rights were violated; and argue that Jones did not receive a fair trial.

{¶29} Assuming for purposes of argument that the failures constituted deficient performance, we are not persuaded that, had Jones's counsel performed the

acts listed by Jones, the result would have been different. Jones lied to police in an attempt to disassociate himself from the vehicle, the officers arrested Jones on an unrelated, outstanding warrant, and a lawful search of the vehicle revealed the presence of heroin. Thus, we overrule Jones's fourth assignment of error.

### Conclusion

{¶30} In conclusion, Jones's assignments of error are without merit. We affirm the judgment of the trial court.

Judgment affirmed.

**CUNNINGHAM, P.J.,** and **DINKELACKER, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.