[Cite as *In re D.L.*, 2025-Ohio-1519.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


|  |  |  |  |
|---|---|---|---|
| IN RE: D.L. | : | APPEAL NOS. | C-240560 |
|  |  |  | C-240561 |
|  | : |  | C-240562 |
|  |  | TRIAL NOS. | 23/2211-01 Z |
|  | : |  | 23/2211-02 Z |
|  |  |  | 23/2211-03 Z |
|  | : |  |  |
|  | : | *O P I N I O N* |  |


Appeals From: Hamilton County Juvenile Court

Judgments Appealed From Are: Affirmed in C-240560 and C-240561; Reversed and Appellant Discharged in C-240562

Date of Judgment Entry on Appeal: April 30, 2025


*Connie M. Pillich*, Hamilton County Prosecuting Attorney, and *Norbert Wessels*, Assistant Prosecuting Attorney, for Plaintiff-Appellee State of Ohio,

*Raymond T. Faller*, Hamilton County Public Defender, and *Margaret Kane*, Assistant Public Defender, for Defendant-Appellant D.L.

CROUSE, Judge.

**{¶1}** Defendant-appellant D.L. appeals his delinquency adjudications for acts that, if committed by an adult, would constitute the offenses of carrying a concealed weapon in violation of R.C. 2923.12, improper handling of a firearm in a motor vehicle in violation of R.C. 2923.16, and receiving stolen property in violation of R.C. 2913.51.

**{¶2}** In a single assignment of error, D.L. argues that his adjudications were not supported by sufficient evidence and were against the manifest weight of the evidence. He contends that the evidence failed to establish that he possessed the firearm implicated in all three adjudications, and that, with respect to his adjudication for receiving stolen property, the evidence did not establish that the recovered firearm was stolen or that D.L. had reason to believe it was stolen. We find merit to D.L.'s latter argument, but not the former. We accordingly reverse D.L.'s adjudication for receiving stolen property because it was not supported by sufficient evidence, but we affirm his adjudications for carrying a concealed weapon and improper handling of a firearm in a motor vehicle.

## I. Factual and Procedural History

**{¶3}** Complaints were filed against D.L. in juvenile court charging him with carrying a concealed weapon, improper handling of a firearm in a motor vehicle, and receiving stolen property, along with various drug offenses and traffic violations. The State presented testimony from two witnesses during a trial on these charges before a magistrate.

**{¶4}** The first witness to testify was Corporal Michael Gerde, an officer with the Delhi Township Police Department. Corporal Gerde's testimony established that, while on patrol on August 16, 2023, he drove behind a vehicle driven by D.L. on Delhi

Road. He observed that the license plate on D.L.'s vehicle was not securely fastened and was tied to the vehicle with a string. Corporal Gerde was not behind D.L. for long when D.L. pulled off the road and into a parking lot. Corporal Gerde explained that, based on his experience, this behavior "raise[d] a flag" that D.L. did not want to drive in front of an officer.

{¶5} Corporal Gerde continued farther down Delhi Road and "kind of waited" to see what D.L. would do after pulling into the parking lot. After a few minutes, he observed D.L. turn out of the parking lot onto a side street and then make an improper turn back onto Delhi Road. Corporal Gerde initiated a traffic stop of D.L. based on the license plate violation and the improper turn.

{¶6} Corporal Gerde testified that D.L., who was the sole occupant of the vehicle, appeared very nervous as he approached. Corporal Gerde was not able to articulate any specific behaviors or physical cues from D.L. that led to this determination. Rather, he attributed his assessment of D.L. to "a gut feeling that something is going on or something just happened" and his prior experience as an officer. D.L. did not have a driver's license, but he provided Corporal Gerde with a paper copy of his temporary driving permit. Corporal Gerde smelled an odor of raw marijuana coming from the vehicle and questioned D.L. accordingly. D.L. stated that there was no marijuana in the vehicle, but he admitted to having smoked marijuana in it recently. Corporal Gerde removed D.L. from the vehicle so that it could be searched, placed him in the police cruiser, and allowed D.L. to call his mother.

{¶7} While searching the vehicle, Corporal Gerde discovered a gray container holding raw marijuana on the backseat, and he observed several "roaches," which he also described as unfinished marijuana cigarettes, on the car's floorboards. A digital scale was found inside a backpack that was also located on the backseat. Corporal

Gerde further noticed a black strap sticking out from under the driver's seat onto the floorboard. Upon further investigation, he observed that the strap was attached to a zipped crossbody bag. Corporal Gerde looked inside the bag and saw that it held a loaded firearm. The firearm was black, had a laser flag, and had multiple rubber bands on the grip. Corporal Gerde testified that the firearm was a Taurus 9 mm pistol.

{¶8} On cross-examination, Corporal Gerde testified that the vehicle was not registered to D.L. He further testified that he was unaware if any other person had driven the vehicle the day of the stop or any time in the preceding week. Corporal Gerde also had no knowledge of how long the bag containing the firearm had been in the vehicle.

{¶9} Corporal Gerde's body-worn camera captured his stop of D.L. and subsequent search of the vehicle. This video was admitted and played during trial.

{¶10} The second witness to testify was Wylie Parker. Parker stated that he lived in Troy, Ohio, and that "in December of 2021, 2022 time frame," his Taurus 9 mm firearm was stolen from his vehicle. While testifying, Parker was shown the firearm that was recovered from the vehicle that D.L. was driving. After identifying the firearm as a "Taurus G2C 9-millimeter handgun," Parker was asked if he recognized it as the firearm that had been stolen from him. He responded, "It is different, I mean, these rubber bands weren't on there nor this—I'm assuming this is a laser sight on there, but other than that, it does look like my handgun." Parker testified that he does not know D.L., and that D.L. did not have permission to have Parker's weapon.

{¶11} D.L. made a Crim.R. 29 motion for an acquittal at the close of the State's presentation of evidence. The magistrate denied D.L.'s motion. After hearing closing arguments, the magistrate found that D.L. had committed the charged drug offenses and traffic violations, but that the State failed to prove beyond a reasonable doubt the

elements of the offenses of carrying a concealed weapon, improper handling of a firearm in a motor vehicle, and receiving stolen property. In explanation, the magistrate stated that "the State couldn't prove that you knew that gun was in the vehicle" and

> So it's not that I don't believe everything that the officer said, I think he is very credible. I understand why he initiated the stop. I understand why he lawfully searched the vehicle, he did everything correct. It's just the matter of a State proving the elements of the offense of the firearm against you, connecting you to these firearms—to this firearm in the vehicle.

{¶12} The magistrate issued separate entries dismissing the offenses of carrying a concealed weapon, receiving stolen property, and improper handling of a firearm in a motor vehicle. Each entry stated that D.L. was found not guilty of the respective offense described therein and that the State failed to prove the elements of the offense beyond a reasonable doubt.

{¶13} The State filed an objection to the magistrate's decisions, arguing that the magistrate erred in finding that the State failed to prove the elements of the offenses beyond a reasonable doubt and that the evidence established that D.L. knowingly possessed the firearm. The State referenced the magistrate's determination that D.L. had possessed the marijuana and digital scale recovered from the backseat of the vehicle and contended that if the magistrate had found that D.L. knowingly possessed those items, "logic would assume that the same person did knowingly possess the contents of a bag located directly beneath them, with a strap visible, in that same vehicle." D.L. filed a response to the State's objection, arguing that the State had failed to present adequate evidence that he possessed the firearm.

**{¶14}** The trial court found that the magistrate's decisions were not supported by the evidence presented and were not in accordance with the law because D.L. had constructive possession of the recovered firearm. The court noted that D.L. was the only occupant in the vehicle and the only person with access to the firearm at the time of the search. It acknowledged that the vehicle was not registered to D.L. but explained that nothing in the record suggested that the vehicle was stolen or from an unknown third party. The court stated, "Based on the strap of the bag's location and the red details on the strap, D.L. could most likely see the bag holding the firearm from his seated position[, which made] it more unlikely that D.L. was not aware of the bag and the firearm's presence."

**{¶15}** The court further noted that it found persuasive the State's argument that, because the magistrate had accepted that D.L. possessed the backpack recovered from the backseat, "then the logic should follow that the firearm located directly underneath D.L. also belongs to him." The court accordingly found the State's objection to be well taken, set aside the magistrate's decisions, and adjudged D.L. delinquent for carrying a concealed weapon, improper handling of a firearm in a motor vehicle, and receiving stolen property.

**{¶16}** D.L. was committed to the permanent custody of the Ohio Department of Youth Services until he reached the age of 21, but that commitment was suspended on the condition that D.L. obey all laws and orders of the court. D.L. was placed on probation and ordered to complete the Fatherhood Program through the Talbert House. He now appeals.

## II. Sufficiency and Weight of the Evidence

**{¶17}** In his sole assignment of error, D.L. argues that his adjudications for carrying a concealed weapon, improper handling of a firearm in a motor vehicle, and

receiving stolen property were not supported by sufficient evidence and were against the manifest weight of the evidence. He contends that the sufficiency and weight of the evidence failed to establish that he had constructive possession of the firearm found in the vehicle, and that the State failed to present sufficient evidence that the firearm was stolen or that he had knowledge that it was stolen.

**{¶18}** In reviewing whether a juvenile adjudication of delinquency is supported by sufficient evidence or is against the manifest weight of the evidence, we apply the same standards used in adult criminal cases. *In re A.P.*, 2020-Ohio-5423, ¶ 9, 18 (1st Dist.).

**{¶19}** A challenge to the sufficiency of the evidence requires us to determine whether, "after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." (Cleaned up.) *State v. Walker*, 2016-Ohio-8295, ¶ 12. In contrast, when this court reviews a challenge to the manifest weight of the evidence, it must "review the entire record, weigh the evidence, consider the credibility of the witnesses, and determine whether the trier of fact clearly lost its way and created a manifest miscarriage of justice." *State v. Powell*, 2020-Ohio-4283, ¶ 16 (1st Dist.), citing *State v. Thompkins*, 1997-Ohio-52, ¶ 25.

**{¶20}** D.L. was adjudicated delinquent for carrying a concealed weapon in violation of R.C. 2923.12(A)(2), which provides that "[n]o person shall knowingly carry or have, concealed on the person's person or concealed ready at hand . . . [a] handgun other than a dangerous ordnance." He was also adjudicated delinquent for improper handling of a firearm in a motor vehicle in violation of R.C. 2923.16(B), which provides that "[n]o person shall knowingly transport or have a loaded firearm in a motor vehicle in such a manner that the firearm is accessible to the operator or

any passenger without leaving the vehicle." And last, D.L. was adjudicated delinquent for receiving stolen property in violation of R.C. 2913.51(A), which provides that "[n]o person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense."

### A. Constructive Possession

**{¶21}** To establish that D.L. committed the offenses of carrying a concealed weapon and improper handling of a firearm in a motor vehicle, the State had to prove that D.L. "had" a firearm. *State v. Hicks*, 2023-Ohio-2209, ¶ 9 (1st Dist.). The State could prove this by establishing either actual or constructive possession of the firearm. *Id.* ("As an element of both [R.C. 2923.12(A)(2) and R.C. 2923.16(B)], to have a firearm means that the offender has actual or constructive possession of the gun." (Cleaned up.)).

**{¶22}** Similarly, with respect to D.L.'s adjudication for receiving stolen property, the State had to establish either his actual or constructive possession of the stolen property, which was the firearm. *See In re A.R.*, 2025-Ohio-1160, ¶ 20 (1st Dist.).

**{¶23}** The State proceeded under a theory of constructive possession. "Constructive possession is established where 'the defendant exercised dominion and control over an item, even though the item was not within his immediate physical possession.'" *State v. Brown*, 2024-Ohio-440, ¶ 23 (1st Dist.), quoting *State v. Jackson*, 2012-Ohio-2727, ¶ 14 (1st Dist.). A court may infer constructive possession if the defendant has dominion and control over the premises where the object is found and is aware of its presence. *Id.* "Dominion and control, as well as whether a person was conscious of the presence of a weapon, may be proven by circumstantial evidence."

*Id.*

**{¶24}** The mere presence of a person in the vicinity of a firearm does not, standing alone, create an inference of constructive possession. *In re J.F.*, 2024-Ohio-1950, ¶ 35 (1st Dist.). But constructive possession "may be inferred from a combination of facts, such as an awareness of a firearm that is within easy reach." *Hicks*, 2023-Ohio-2209, at ¶ 10 (1st Dist.).

**{¶25}** In support of his argument that there was a lack of sufficient evidence linking him to the firearm, D.L. directs us to *State v. Harris*, 2007-Ohio-3916 (8th Dist.). In that case, Harris was found guilty of carrying a concealed weapon and having a firearm while under a disability after police stopped a car in which he was a front-seat passenger and discovered a loaded firearm under Harris's seat. *Id.* at ¶ 2-3, 5. The Eighth District reversed Harris's convictions, holding that the State failed to present sufficient evidence that Harris possessed the firearm. The court stated, "There was no evidence to establish the car belonged to Harris or that Harris knew the gun was in the car." *Id.* at ¶ 14. In support, it noted that Harris made no furtive gestures, he cooperated with the officers and did not attempt to flee, and there was no evidence that Harris exercised dominion or control over the weapon, which, although found under Harris's seat, was "positioned in a way that was accessible to anyone in the front seat." *Id.* at ¶ 14-15.

**{¶26}** *Harris* is distinguishable from the case before us in several key respects. First, two people were present in the vehicle in *Harris*, whereas D.L. was the sole occupant in the vehicle that he was driving. Second, the weapon in *Harris* was apparently accessible by both the driver and Harris. Here, the weapon was found in a bag located underneath the driver's seat and, as evidenced in Corporal Gerde's body-worn camera video, was accessible only to someone sitting in that seat.

**{¶27}** The evidence of constructive possession in this case is not strong, but viewing all evidence presented in the light most favorable to the State, as we are required to do, we hold that it is sufficient to establish that D.L. was conscious of the presence of the firearm and constructively possessed it. *See Walker*, 2016-Ohio-8295, at ¶ 12. Although D.L. was not the registered owner of the vehicle that he was driving, he was its sole occupant. The bag containing the firearm was located directly underneath the driver's seat and was within D.L.'s reach. The handle of the bag was sticking out from underneath the seat and was plainly visible. Additionally, while Corporal Gerde did not testify that D.L. engaged in any furtive movements, he did state that D.L.'s evasive driving upon noticing the officer behind him, specifically his act of pulling into the parking lot and then pulling back out in the same direction shortly thereafter, raised a red flag.

**{¶28}** D.L. also challenges the manifest weight of the evidence supporting the trial court's determination of constructive possession. He contends that the trial court's reasoning that he necessarily possessed the firearm because he possessed other contraband found in the backseat was flawed. We agree that this argument, which was asserted in the State's objection and found to be persuasive by the trial court, lacks merit. In addition to the fact that the backseat items were found in the vehicle, the record contained other evidence linking them to D.L. Corporal Gerde smelled marijuana when he approached the vehicle, D.L. admitted to smoking marijuana in the car, and a digital scale was found in the backpack. Merely because D.L. possessed the backpack does not necessarily mean that he possessed any other contraband in the vehicle that was found in closer proximity to where he was seated.

**{¶29}** Nonetheless, the trial court's finding that D.L. constructively possessed the firearm was not against the manifest weight of the evidence. Given the evidence

presented, including the fact that D.L. was alone in the car, his proximity to the firearm, the visibility of the bag containing the firearm, and Corporal Gerde's testimony that D.L.'s behavior while driving was essentially evasive and raised a red flag, we cannot find that the trial court lost its way and committed a manifest miscarriage of justice in finding that D.L. constructively possessed the firearm. *See Powell*, 2020-Ohio-4283, at ¶ 16 (1st Dist.).

### B. Evidence that Firearm Was Stolen

**{¶30}** D.L. next argues that his adjudication for receiving stolen property was not supported by sufficient evidence because the State failed to present evidence establishing that the firearm was stolen or that D.L. had reason to believe it was stolen.

**{¶31}** D.L. contends, and the State agrees, that this argument is subject to a plain-error review because he did not object to the magistrate's decision on this basis. However, we do not agree with the parties that we are limited to a plain-error review.

**{¶32}** D.L. prevailed at trial in front of the magistrate on the charge of receiving stolen property. Thus, there would be no reason for D.L. to object to the magistrate's decision pursuant to Juv.R. 40(D)(3)(b). In this case, it is the State that had the incentive to file objections to the magistrate's decisions, which it did.

**{¶33}** But even if Juv.R. 40(D)(3)(b) could be read to require a defendant who has had a charge dismissed by a magistrate to file objections to specific findings of fact that he disagrees with, the magistrate made no finding that the recovered firearm was the firearm stolen from Parker. In the decision finding D.L. not guilty of receiving stolen property, the magistrate stated that "the [S]tate failed to prove the elements of the offense beyond a reasonable doubt." The written decisions did not indicate which

element or elements of the offense that the State failed to prove.[1]

**{¶34}** In its objection to the magistrate's decisions, the State argued that the magistrate erred in finding that it failed to present sufficient evidence that D.L. committed this offense. The objection focused on the issue of constructive possession. D.L. filed a response to the State's objection and argued that the State failed to present adequate evidence that he possessed the firearm.

**{¶35}** The trial court found that the magistrate's decisions were not supported by the evidence presented and were not in accordance with the law because D.L. had constructive possession of the firearm found in the vehicle. It found the State's objection to be well taken and adjudicated D.L. delinquent for all three offenses that the magistrate had dismissed, including receiving stolen property. The trial court did not specifically discuss the ownership of the firearm in finding that the State proved beyond a reasonable doubt that the firearm was stolen.

**{¶36}** Juv.R. 40 provides, in relevant part, "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Juv.R. 40(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Juv.R. 40(D)(3)(b)." Juv.R. 40(D)(3)(b)(iv).

**{¶37}** Based on the plain and clear language of Juv.R. 40(D)(3)(b)(iv), D.L. did not waive the right to assign as error the State's failure to establish that the firearm found in the vehicle was stolen and that he had knowledge that it was stolen because the magistrate dismissed the charge and never made a related finding of fact to which

---

[1] Prior to issuing the written decisions, the magistrate orally announced the not guilty verdict in open court at the close of trial. In support, the magistrate stated that the State could not prove that D.L. knew the firearm was in the vehicle.

D.L. could object.

**{¶38}** Here, D.L. filed a Crim.R. 29 motion for an acquittal at the close of the State's presentation of evidence, renewed the motion after the defense rested, and opposed the State's objection. D.L. took sufficient steps to preserve his sufficiency argument for appeal, and we accordingly apply the standard of review for a challenge to the sufficiency of the evidence set forth in *Walker*, 2016-Ohio-8295, at ¶ 12.

**{¶39}** We also note, that regardless of the standard of review, "a conviction based on legally insufficient evidence constitutes a denial of due process and constitutes a manifest injustice." (Cleaned up.) *State v. Graham*, 2022-Ohio-3000, ¶ 44 (3d Dist.); *Thompkins*, 1997-Ohio-52, at ¶ 23, citing *Tibbs v. Florida*, 457 U.S. 31, 45 (1982). Thus, the differing standards of review have been described as "academic." *Graham* at ¶ 44; *State v. Palmer*, 2006-Ohio-5456, ¶ 7 (1st Dist.) ("Whether a sufficiency of the evidence argument is reviewed under a prejudicial error standard or under a plain error standard is academic, because regardless of the standard used, a conviction based on legally insufficient evidence constitutes a denial of due process." (Cleaned up.)). If a conviction, or an adjudication, is not supported by sufficient evidence, it must be reversed regardless of the standard of review that is employed. *Id.* at ¶ 8.

**{¶40}** We now turn to the merits of the sufficiency argument. As set forth above, D.L. was adjudged delinquent for receiving stolen property in violation of R.C. 2913.51(A), which provides that "[n]o person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense."

**{¶41}** In a prosecution for receiving stolen property, the State is not required to offer testimony from the owner of the property, but it must present some evidence

that the property was, in fact, stolen. *In re L.M.*, 2024-Ohio-2974, ¶ 45 (1st Dist.). That evidence is lacking in this case.

**{¶42}** Parker testified that his Taurus 9 mm firearm was stolen out of his vehicle "in December of 2021, 2022 time frame." The firearm that is subject of the receiving-stolen-property charge was recovered from the vehicle that D.L. was driving on August 16, 2023. Parker identified the firearm recovered from the vehicle as a "Taurus G2C 9-millimeter handgun." But when asked if he recognized the firearm, Parker responded, "It is different, I mean, these rubber bands weren't on there nor this—I'm assuming this is a laser sight on there, but other than that, it does look like my handgun."

**{¶43}** Viewing this testimony in the light most favorable to the State, it does not establish that the firearm found in the vehicle driven by D.L. was the firearm stolen from Parker. At best, Parker's testimony established that the firearm recovered in the vehicle driven by D.L. resembled his firearm, albeit with several modifications. And no other testimony or evidence, either direct or circumstantial, such as a serial number, was introduced to establish that the recovered firearm was stolen.

**{¶44}** The State argues that if Parker's testimony is subject to more than one interpretation, we must interpret it in a manner consistent with the trial court's judgment. While this proposition of law is correct, *see In re A.S.*, 2019-Ohio-2359, ¶ 12 (1st Dist.), it has no application in this case. Parker's testimony was not susceptible to more than one interpretation. It simply failed to identify the firearm found in D.L.'s vehicle as the firearm that was stolen from Parker.

**{¶45}** We hold that the State failed to adduce evidence proving the firearm recovered in this case was stolen, and that D.L.'s adjudication for receiving stolen property was therefore not supported by sufficient evidence. D.L.'s assignment of error

is accordingly sustained in part and overruled in part.

### III.    Conclusion

**{¶46}** The trial court's judgments adjudicating D.L. delinquent for carrying a concealed weapon and improper handling of a firearm in a motor vehicle are affirmed in the appeals numbered C-240560 and C-240561. But its judgment in the appeal numbered C-240562 adjudicating D.L. delinquent for receiving stolen property is reversed, and D.L. is discharged from further prosecution for that offense.

Judgment accordingly.

**ZAYAS, P.J.,** and **NESTOR, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.